451 So.2d 1308 (1984)
LOUISIANA DEPARTMENT OF the TREASURY, BOARD OF TRUSTEES OF the STATE EMPLOYEES GROUP BENEFITS PROGRAM
v.
Ulysses WILLIAMS, Secretary of the Louisiana Department of Labor.
No. 83 CA 0841.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1309 Tommy Teague, Baton Rouge, for plaintiff-appellant La. Dept. of the Treasury, Board of Trustees of the State Employees Group Benefits Program.
Robert L. Roland, Baton Rouge, for defendant-appellee Ulysses Williams, Sec. of the La. Dept. of Labor.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge:
Plaintiff appeals the ruling of the trial court sustaining exceptions of unauthorized use of summary process and no cause of action.
Plaintiff, Board of Trustees of the State Employees Group Benefits Program (Board), a state agency within the Department of Treasury, filed a petition for a writ of mandamus against the Secretary of the Louisiana Department of Labor (Secretary), Ulysses Williams. The Board sought an order directing the Secretary to comply with an order of the Board mandating that the employees of the Department of Employment Security (DES), an agency within the Department of Labor, "wishing to be covered by life insurance and accident and health benefits (with the employer contributing one-half of the cost) participate in the State Employees Group Benefits Program rather than be covered by a private insurance policy."
Defendant filed an answer and exceptions of unauthorized use of summary proceeding, nonjoinder of indispensable/necessary party and no right of action.
The trial court sustained the exceptions of unauthorized use of summary proceeding and no cause of action.[1]
Plaintiff appeals, arguing that the trial court erred in the following respects:
(1) In sustaining the defendant's exception of improper use of summary proceeding;
(2) In sustaining a peremptory exception of no cause of action;
(3) In considering evidence not admissible on an exception of no cause of action and, in effect, rendering a judgment on the merits in sustaining this no cause of action exception; and,[2]
(4) In determining that the funds used to pay the employer portion of the insurance premium on behalf of the employees of the Department of Employment Security are federal funds.

*1310 FACTS
The employees of the Department of Employment Security, an agency within the Louisiana Department of Labor, have been covered for life and accident and health insurance by a policy issued by Bankers Life Insurance Company which has been in effect since October 1, 1955. All other employees within the Louisiana Department of Labor are covered for benefits by the State Employees Group Benefits Program.
On March 3, 1969, Executive Order No. 70 was issued by then Governor John J. McKeithen. Pursuant to this order, the Commissioner of Administration was directed to establish a master group hospital, surgical, major medical and life insurance program for all state employees and to make arrangements for its effective implementation.
Pursuant to this Executive Order, the Commission of Administration did establish a uniform group plan of life and health insurance for state employees. By letter from the Division of Administration dated April 24, 1970, the DES was specifically exempted from the uniform program and authorized to continue the policy then in force.
From 1969 through September of 1979, the State group insurance program was administered by the Division of Administration. Effective September 1, 1979, the administration of the State group insurance program was transferred from the Division of Administration to the Board of Trustees of the State Employees Group Benefits Program.
It is the position of the Board that all state employees who wish to participate in a life insurance and accident and health benefit plan pursuant to which the State of Louisiana pays fifty per-cent of the premium cost must participate in the State Employees Group Benefits Program rather than be covered by a private insurance carrier. At a meeting of the Board on September 28, 1982, a motion was adopted mandating that the employees of the DES participate in the State Employees Group Benefits Program should they desire insurance coverage with the state paying 50% of the premium. This action by the Board was communicated to the Secretary of Labor by letter dated September 30, 1982.
The Secretary of Labor, by memorandum dated October 1, 1982, and by letter dated October 25, 1982, stated that he was opposed to the Board's attempt to place DES employees under the state operated insurance program.
Thereafter, the Board filed the mandamus action against the Secretary.

IMPROPER USE OF SUMMARY PROCEEDING
In the first assignment of error, plaintiff argues that the trial court erred in sustaining the defendant's exception of improper use of summary proceeding. Plaintiff contends that this is a proper case for the issuance of a mandamus action in which the use of summary proceeding is authorized.
Plaintiff contends that LSA-R.S. 42:871 through 879 bestows upon the Board the power to adopt and promulgate rules and regulations for the operation of the Board and the administration of the State Employees Group Benefits Program. Plaintiff further contends that the legislative grant of authority to the Board is broad enough to encompass the power to order that a segment of state employees, i.e., employees of DES, participate in the State Employees Group Benefits Program.
A writ of mandamus is issued to compel the performance of a ministerial duty required by law and only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. arts. 3862 and 3863.
Mandamus is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, but only where it is the only available remedy, or where the delay occasioned by the use of any other remedy *1311 would cause an injustice. B. of C. of Lafourche v. B. of C. of Atchafalaya, 340 So.2d 600 (La.App. 1st Cir.1976). It is clear that mandamus lies only to compel the performance of purely ministerial duties or to correct an arbitrary abuse of discretion and that it will not be issued in doubtful cases. Melancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App. 3rd Cir.1974).
In the case sub judice, the trial judge specifically found that relief by ordinary means would be available through the use of declaratory judgment and that the delay involved would not cause injustice. We find no error in the ruling of the trial judge on this point.
In addition, we find it doubtful that there is a purely ministerial duty involved in this particular factual situation. A memorandum issued by the Secretary of Labor indicated that his refusal to cooperate was based in part on his doubt as to whether the monies expended by DES for the insurance funding were state or federal dollars and, accordingly, whether the Board had authority to mandate DES participation in the state plan. The Secretary further stated that he was "attempting to get a judgment as to how the monies expended in this department should be categorizedstate or federal dollars." In light of the jurisprudential rule that mandamus will not issue in doubtful cases, we find no error in the ruling of the trial judge on this point.

EXCEPTION OF NO RIGHT OF ACTION
In the three remaining assignments of error, plaintiff argues that the trial court erred in sustaining the exception of no cause of action.
In the case sub judice, the defendant filed an exception of no right of action. However, according to the record, the exception tried and ruled on by the court was an exception of no cause of action. Under the provisions of LSA-C.C.P. art. 927, either a trial or appellate court on its own motion may notice an exception of no cause of action or no right or interest in the plaintiff to institute suit. Because of certain irregularities, viz., the posture of the instant case and the receipt of evidence prior to the trial court's noticing the exception of no cause of action, we choose not to review the record on this exception as it is presently constituted. Therefore, we vacate the ruling of the trial court sustaining an exception of no cause of action and remand the case to the trial court.
Accordingly, the ruling of the trial court sustaining the exception of unauthorized use of summary proceedings is affirmed. Further, the ruling of the trial court sustaining the exception of no cause of action and dismissing plaintiff's suit is vacated. The matter is remanded to the trial court for a ruling of the no right of action and further proceedings not inconsistent with the views herein. Assessment of all costs of the lower court and the Court of Appeal shall await final judgment herein.
VACATED IN PART; AFFIRMED IN PART; AND REMANDED.
NOTES
[1] An exhaustive search of the record does not reveal that an exception of no cause of action was filed.
[2] See Footnote 1 supra.