558 So.2d 633 (1990)
R.A.K.
v.
BOARD OF TRUSTEES OF the STATE EMPLOYEES GROUP BENEFITS PROGRAM, DEPARTMENT OF the TREASURY.
No. CA 89 0022.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*634 Donald S. Wingerter, Baton Rouge, for plaintiff-appellant.
Richard N. Burtt, Baton Rouge, for defendant-appellee.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This is an appeal from the dismissal of plaintiff's suit pursuant to the granting of defendant's exceptions of prematurity and unauthorized use of summary proceedings.

FACTS
Plaintiff, R.A.K., is a member of the State Employees Group Benefits Program. In 1987, the program's Board of Trustees adopted a rule which substantially reduced the benefits payable on claims involving treatment of mental or nervous conditions. This rule became effective July 1, 1988, for those members already receiving treatment. Plaintiff's son, a covered dependent, had been receiving such treatment on a continuing basis for several years prior to this effective date.
Upon receiving notice of the rule change, plaintiff took the position that it could not be applied to him because he had a vested right to the payment of benefits as they existed prior to the modification. Based on this position, he filed suit in district court against the Board of Trustees of the State Employees Group Benefits Program (Board) seeking a writ of mandamus directing the Board to continue paying his claims on the same basis as they formerly had; or, in the alternative, a declaratory judgment and injunctive relief decreeing the rule modification was not applicable to his claims. In response to this suit, the Board filed exceptions of prematurity and unauthorized use of summary proceedings. On September 1, 1988, this matter came up on a hearing on defendant's exceptions and plaintiff's request for injunctive relief. The trial court thereafter rendered judgment sustaining the exceptions of prematurity and unauthorized use of summary proceedings. Plaintiff has now appealed.

ISSUES
The issues presented on appeal are: 1) whether plaintiff's suit for declaratory judgment and injunctive relief was premature because he had not previously sought administrative review of the new rule's validity or applicability: and, 2) whether the trial court erred in sustaining defendant's exception of unauthorized use of summary proceedings with regard to plaintiff's request for a writ of mandamus.[1]

ISSUE ONE
Plaintiff argues the trial court erred in sustaining defendant's exception of prematurity based on plaintiff's failure to exhaust all administrative remedies. We agree.
Defendant's position is based on La.R.S. 49:963 which provides as follows:
The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court *635 of the parish in which the agency is located. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rule-making procedures. The agency shall be made a party to the action. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity of applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury. [Emphasis added.]
Plaintiff did not seek an agency review of the validity of the applicable rule before filing his petition for declaratory judgment and injunctive relief in district court. Therefore, reading La.R.S. 49:963 alone, it would seem to support defendant's position. However, the meaning and intent of a particular provision must be determined by a consideration of the provision in its entirety, along with all other provisions on the same subject matter. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La. 1984); Smith v. Cajun Insulation, Inc., 392 So.2d 398, 400 (La.1980). In this case, La.R.S. 49:962 must be considered together with R.S. 49:963, since both provisions deal with declaratory judgments regarding the validity and applicability of administrative rules. Specifically, La.R.S. 49:962 provides as follows:
Each agency shall provide by rule for the filing and prompt disposition of petitions for declaratory orders and rulings as to the applicability of any statutory provision or of any rule or order of the agency. Declaratory orders and rulings shall have the same status as agency decisions or orders in adjudicated cases. [Emphasis added.]
Obviously, the Legislature intended through these two provisions to create a scheme by which a declaratory judgment as to a rule's validity or applicability could be promptly obtained. La.R.S. 49:962 imposes a mandatory requirement upon each agency subject to the Administrative Procedure Act to adopt rules establishing a procedure for handling requests for declaratory orders. It is apparent the R.S. 49:963 requirement that a plaintiff seek an agency review of a rule's validity before filing for a declaratory judgment in district court, envisions that the agency would have adopted a special procedure for reviewing requests for declaratory orders as mandated by the preceding provision. In this case the agency (Board) did not. At the hearing held before the trial court, defense counsel acknowledged that the Board of Trustees had never adopted any such rules.
Accordingly, it was not possible for plaintiff to comply literally with the letter and spirit of this provision. We conclude that the administrative remedy contemplated by the Legislature in accordance with La.R.S. 49:962 and 963 was not available to plaintiff. Under these circumstances, we do not believe La.R.S. 49:963 should be applied to support defendant's exception of prematurity. Any administrative remedy plaintiff may have had was not the meaningful remedy intended by the Legislature.[2] For these reasons, we reverse the judgment of the trial court sustaining defendant's exception of prematurity.

ISSUE TWO
We find no error in the trial court's granting of the exception of unauthorized summary proceedings with respect to plaintiff's request for a writ of mandamus. A writ of mandamus may be issued to compel the performance of a ministerial duty required by law in cases where the law provides no adequate relief by ordinary means. La.C.C.P. arts. 3862 and 3863; Louisiana Dept. of Treasury, etc. v. Williams, 451 So.2d 1308 (La.App. 1st Cir. *636 1984). Mandamus is an extraordinary remedy which is used sparingly by the courts and will not be issued in doubtful cases. Id. Further, it is well settled that mandamus will lie only to compel the performance of duties that are purely ministerial in nature and in which no element of discretion is left to the public officer. Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985).
In this case, plaintiff seeks to have the Board declare its own rule invalid and/or inapplicable to him. This clearly can not be classified as a ministerial duty. Furthermore, it would certainly involve the exercise of the Board's discretion. For these reasons, a writ of mandamus was not appropriate in this case. Accordingly, the trial court did not err in sustaining defendant's exception of unauthorized use of summary proceedings.

CONCLUSION
For the above reasons, that portion of the trial court's judgment sustaining defendant's exception of prematurity is reversed. The judgment is affirmed in all other respects and this matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal in the amount of $400.44 are to be paid by defendant, the Board of Trustees.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] In his brief, plaintiff also argues "the trial court erred in maintaining the exception of no cause of action filed on behalf of the defendant...". Initially, we note that we do not believe the trial court did maintain this exception. Since the judgment was silent as to this exception, it is presumed to have been denied. See, Johnston v. Johnston, 408 So.2d 459 (La.App. 1st Cir.1981). Further, if the trial court had concluded plaintiff's petition did not state a cause, it would not have been necessary for it to reach defendant's exception of prematurity. In any event, we believe plaintiff's petition does state a cause of action.

Another issue plaintiff raised and argued in brief was whether he was entitled to a preliminary injunction. However, we do not believe this issue is properly before us. Since plaintiff's entire petition was dismissed on an exception of prematurity, the trial court never reached this issue.
[2] The Group Benefit Program did have a rule establishing a procedure for obtaining review of ordinary benefit and eligibility decisions. However, this rule did not specifically provide for the handling of requests for declaratory judgments and, thus, does not meet the mandate of R.S. 49:962.