616 So.2d 799 (1993)
Emma Lee Myles BRADSHAW, Plaintiff-Appellant,
v.
STATE of Louisiana Through DEPARTMENT OF WILDLIFE AND FISHERIES, et al., Defendants-Appellees.
No. 24733-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Writ Denied June 25, 1993.
*800 Napper, Waltman, Madden & Rogers by O.L. Waltman, Jr., Ruston, for plaintiff-appellant.
Richard P. Ieyoub, Atty. Gen., Baton Rouge, Rankin, Yeldell, Herring & Katz by Richard A. Bailly, Bastrop, for defendants-appellees.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Emma Bradshaw filed this wrongful death action against two state governmental agencies, namely, the Department of Wildlife and Fisheries ("Department") and the Bayou D'Arbonne Lake Watershed District ("District"). Both defendants, claiming benefit of the qualified immunity afforded by the recreational use statute, LSA-R.S. 9:2795, excepted that plaintiff's petition failed to state a cause of action. From the trial court's sustention of that plea and corresponding dismissal of the suit, Bradshaw now appeals. Finding that the statute extends a limitation of liability only to the Department, we affirm in part and reverse in part.

BACKGROUND
It is alleged that, on May 20, 1989, plaintiff's husband accompanied a friend on a fishing trip to Bayou D'Arbonne Lake, a large reservoir created many years ago by the construction of a dam on Bayou D'Arbonne. After entering the bayou (below the dam site) rather than the lake proper, and there engaging in their sport for the afternoon, the two men discovered that their boat engine would not start. Immediately, the craft began drifting toward the agitations in the lower body of water caused by flowage over the higher-level spillway. Ultimately, when three occupants of another boat attempted to come to the pair's assistance, the churning currents tragically drowned all five individuals.
In her petition, Bradshaw attributes her husband's death to the following actions and inactions of the two defendants: failing to erect signs warning of the dangerous water condition and currents; neglecting to construct gates that prevented boat launchings at the dam site; failing to provide an employee to warn of the dangerous condition; and, allowing the dam structure to remain so situated that the water passing over the spillway produced dangerous currents in the bayou below.
Although disputing plaintiff's allegations, the Department and the District premised their exception of no cause of action upon the limitation of liability provided by LSA-R.S. 9:2795, which states in pertinent part:
B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge *801 any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for any injury to person or property incurred by such person.
. . . .
E. The limitation of liability provided in this Section shall apply to any lands or waterbottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or waterbottoms are used, and whether they are used for recreational or nonrecreational purposes.
After expressing agreement with defendants' position, the trial court rendered judgment dismissing Bradshaw's suit at her cost. This appeal ensued.

DISCUSSION
Of course, the legal principles regarding an exception of no cause of action are well settled. Its function, to test the legal sufficiency of the petition, necessitates that the exception be tried solely on the face of the papers. In deciding the issue, then, all well-pleaded facts appearing in the petition and any attached documents shall be accepted as true. LSA-C.C.P. Art. 931; CNB v. Audubon Meadow Partnership, 566 So.2d 1136 (La.App.2d Cir.1990), and authorities cited therein.
The pleadings must also be reasonably construed with an eye toward affording litigants their day in court, arriving at the truth, and rendering substantial justice. See LSA-C.C.P. Art. 865; CNB, supra. Hence, when it can reasonably do so, the court should sustain the sufficiency of a petition in order to allow the plaintiff an opportunity to present his evidence. CNB, supra.
In the case sub judice, appellant first contends that the immunities of LSA-R.S. 9:2795 do not extend to the District. We agree, based upon the narrow interpretation of the provision enunciated in Monteville v. Terrebonne Par. Con. Gov't., 567 So.2d 1097 (La.1990), concerning a 1985 mishap. In that decision, without any reference whatsoever to Subsection E of the enactment, our supreme court construed the recreational use statute as immunizing only private landowners, not governmental bodies. Indeed, it is only under the provisions of Subsection E that even the Department may now shield itself.
In 1986, the Legislature amended LSA-R.S. 9:2795 by adding Subsection E to provide the Department a limitation of liability, without any requisite showing of recreational use, as to property that agency owns, leases, or manages. Acts 1986, No. 976. Consequently, having been granted supervisory control of the watercourse involved in the instant dispute, see LSA-R.S. 38:2564 and 38:2569 A, the Department here enjoys the indicated immunities.
Notably, the District is likewise a political subdivision of the state, LSA-R.S. 38:2552, and its Board of Commissioners is also charged with the care, management and control of the involved reservoir, LSA-R.S. 38:2558(11). Under such circumstances, a compelling argument can be advanced that the state is the true party at interest in this litigation, and that it therefore is quite inconsistent to extend immunity under the statute to just one of the two state agencies. Yet, Subsection E mentions only one such governmental body.
Of course, in 1986, had the Legislature envisioned the narrow interpretation that would subsequently arise through the Monteville decision, our lawmakers may well have chosen to broaden the statute to include agencies other than the Department. However, in view of the mandate of Monteville that recreational use statutes are to be construed strictly against claims of tort immunity, we must conclude that the present enactment does not confer a limitation of liability upon other political subdivisions of the state, such as the District.
Nor do we agree with appellees' contention that, because Subsection E makes reference to those lands and water-bottoms *802 managed by the Department, it follows that the District by sharing such control falls within the purview of this provision. We read the amendment to grant immunity not to designated realty, but instead to a named entity based upon its relationships with such property. Accordingly, LSA-R.S. 9:2795 E applies merely to the Department, and the trial court erred in dismissing appellant's suit against the District.
Appellant secondly contends that, though Subsection E pertains to the Department, it is necessary to scrutinize both the nature of the land and the injury-causing instrumentality before deciding whether the statute applies. Indeed, in Keelen v. State, Dept. of Culture, Recreation, 463 So.2d 1287 (La.1985), our supreme court concluded that, in order to trigger such immunity, the land area in question must be undeveloped, nonresidential rural, or semi-rural, and the injury-producing condition must be of the type normally encountered in the true outdoors.
Yet, unlike the Keelen court, we are faced with a situation that clearly falls under the language of LSA-R.S. 9:2795 E. In distinguishing the Department from other landowners, that provision specifically departs from the requirement of demonstrated use as to recreational purposes. Thus, on this point, we are unimpressed by appellant's argument.
Next, appellant contends that once all the evidence has been developed at trial, it may well appear that the Department "willfully" failed to warn, thus precluding application of the immunity statute. Upon close inspection, however, Bradshaw's petition avers in this respect only that, since construction of the dam 25 or 30 years ago, "any number" of drownings have occurred in the same vicinity as the present accident; and, although aware of this, defendants negligently failed to erect proper and adequate signs warning of the "extremely dangerous condition" of the water and currents. Such allegations simply do not specify facts supporting a willful or malicious failure to warn, or even reflecting a risk so great as to make it highly probable that harm would follow. Cf. Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878, 880 (La.App.2d Cir.1980) (observing that "willful" means the same as intending the result); LaCroix v. State, Through Dept. of Transp., 477 So.2d 1246, 1251 (La.App. 3d Cir.1985), writ denied, 478 So.2d 1237 (La.1985) (concluding that "willful" in the present context necessarily requires a "conscious design" to injure). So then, considering her present allegations, plaintiff cannot proceed to trial wishfully seeking to show willfulness or maliciousness by the Department.
Finally, appellant complains that the trial court erred in dismissing her demands without allowing her an opportunity to amend the pleadings. LSA-C.C.P. Art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Thus, although Bradshaw's petition currently fails to state a cause of action against the Department, she should be afforded an opportunity to allege facts reflecting a willful or malicious failure to warn.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, first, is reversed insofar as it applies the immunity statute to the District; second, as to the Department, the granting of the exception of no cause of action is affirmed, but it is further ordered that appellant be allowed to amend her petition within 15 days from the finality of this decree, after which time this matter shall proceed in accordance with law. Assessment of costs, including those of this appeal, will await final resolution of the demands against appellees.
*803 AFFIRMED IN PART; REVERSED IN PART.
SEXTON, J., concurs with reasons.
SEXTON, Judge, concurring.
Considering that Monteville v. Terrebonne Parish Consolidated Government, 567 So.2d 1097 (La.1990), was decided on the narrowest of votes, with a member of the majority being an ad hoc justice, I was persuaded by Professor Murchison's criticism of the decision. See Murchison, Local Government Law, 52 La.L.Rev. 541 (1992). I would have followed Broussard v. Department of Transportation and Development, State of Louisiana, 539 So.2d 824 (La.App. 3rd Cir.1989), believing it to be a better expression of the law. On that basis, I would not have found a distinction in the immunity status of the Department of Wildlife and Fisheries and the Bayou D'Arbonne Lake Watershed District. However, the reaffirmance of the Monteville holding by a unanimous Louisiana Supreme Court in Socorro v. City of New Orleans, 579 So.2d 931 (La.1991), reluctantly causes me to believe the majority opinion is correct.