643 So.2d 249 (1994)
John GOODWIN, Plaintiff-Appellant,
v.
AGRILITE OF LOUISIANA, et al., Defendants-Appellees.
No. 26061-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*250 Goodwin, Turnage & John by James D. Turnage, Shreveport, for appellant.
*251 Weems, Wright, Schimpf, Hayter & Carmouche by John O. Hayter, III and Kenneth P. Haines, Shreveport, for appellee.
Before MARVIN and NORRIS, JJ., and JONES, J. Pro Tem.
NORRIS, Judge.
Plaintiff, John Goodwin, appeals two separate trial court judgments dismissing defendants, John Campbell, Larry Fletcher and Emmett Averett on exceptions of no cause of action. Invoking our right to notice the failure of plaintiff to disclose a cause of action under the Louisiana Environmental Quality Act, and for the reasons which follow, we affirm the judgments sustaining the exceptions as to both the action for loss of sale proceeds and for contribution of remediation costs; however, we amend the judgments to make all dismissals without prejudice, and remand the case to allow Goodwin the opportunity to amend his petition.

FACTS
The following factual history is gleaned from Goodwin's petition. John Goodwin acquired the property at issue by dation en paiement recorded in June 1992. Prior to his ownership, Producers Rice Mill, Inc., DVS Associates, Inc. and Agrilite of Louisiana, Inc. occupied the premises and operated American Agrilite, manufacturing cat litter. In August, representatives of the Department of Environmental Quality ("DEQ") contacted Goodwin regarding a complaint the department had received about an unauthorized dump on the land, and informed him that it was his responsibility to remove the offending material. Goodwin denied any knowledge of the dump site when he acquired the property, and asserted that the defendants, Producers Rice Mill, DVS Associates and Agrilite of Louisiana, had actually created it when they operated Agrilite from December 1984 through September 1989; however, he solicited Gulf States Environmental Laboratories to clean up the premises at the cost of $23,816. Defendants took no part in the clean-up process. In fact, Goodwin eventually had Agrilite of Louisiana evicted from the premises, but alleges that due to its delay in vacating the premises, he lost a prospective buyer.
On November 3, 1992, Goodwin filed a petition against Agrilite of Louisiana, Producers Rice Mill, DVS Associates d/b/a American Agrilite, Bruce Campbell, the former president of American Agrilite, and Emmett Averett, an officer of Agrilite of Louisiana, requesting contribution for their portion of clean-up costs and for loss of proceeds of sale.[1] By a subsequent amended petition, Goodwin added Larry Fletcher, another officer of Agrilite of Louisiana, as a party defendant. At issue on appeal are the claims against the three corporate officials.
The following forms the factual basis for Goodwin's action against each of them as alleged in the original and amended petitions:
4.
Subsequent to September 27, 1989, Bruce Campbell was the plant manager of the manufacturing facility located upon the above described property, and as such exercised day to day control over the employees, and was directly responsible for the continued use of the dump sight [sic] established upon the premises.
5.
Subsequent to September 27, 1989, Emmett Averitt [sic] and Larry Fletcher were officers in Agrilite of Louisiana, Inc., which was the owner of the premises directly prior to petitioner's assumption of ownership. Both Emmett Averitt [sic] and Larry Fletcher were directly involved in the manufacture of the cat litter in a supervisory capacity, and who frequently came upon the premises, were aware of the dump on the premises, and allowed it to remain in use.
On July 12, 1993, Campbell filed an exception of no cause of action contending that Goodwin failed to allege any intentional acts giving rise to personal liability against a corporate officer. On July 26, the trial court sustained the exception and dismissed Goodwin's *252 demand against Campbell with prejudice. On August 4, Goodwin filed a motion for rehearing and request for written reasons. (The trial court issued a written opinion on October 19, 1993, finding no allegations of intentional acts on the part of Campbell to sustain an action against him individually, and denied a rehearing since Goodwin, by this time, had already appealed the July judgment.) On August 23, 1993, Fletcher and Averett filed an exception of no cause of action based on the same grounds. On September 13, the trial court sustained the exception, dismissing the suit against them without prejudice. Also on this date, Goodwin devolutively appealed from the July judgment dismissing Campbell. On September 23, he lodged another devolutive appeal from the September judgment dismissing Averett and Fletcher.[2]
Goodwin urges on appeal that the trial court erred in sustaining appellees' exceptions of no cause of action. He contends that he sufficiently stated a cause of action against appellees under La.R.S. 30:2276 G. He also asserts that the Louisiana Environmental Quality Act ("LEQA") is an exception to the general rule against holding corporate officers personally liable for tortious corporate activity. He thus contends appellees are not protected by their status as corporate officers and should be responsible as private individuals for their portion of remediation costs resulting from the environmental violation.

APPLICABLE LAW
An appellate court may notice the failure to disclose a cause of action on its own motion. La.C.C.P. art. 927. The purpose of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). No evidence may be offered at any time to support or controvert the exception. La.C.C.P. art. 931. On the face of the pleadings alone and taking all well-pleaded allegations as true, we must decide whether plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining its sufficiency and affording the plaintiff an opportunity to present his case. Hero Lands Co. v. Texaco Inc., 310 So.2d 93, 96 (La.1975). When the grounds of the exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. art. 934; Bradshaw v. State, Dept. of Wildlife and Fisheries, 616 So.2d 799 (La.App. 2d Cir.), writ denied, 620 So.2d 841 (1993).
One stated purpose of the hazardous substance provision of the LEQA is to insure that the costs of remedial actions are borne by those who contributed to the discharge or disposal of a hazardous substance. La.R.S. 30:2271 B. The persons or entities subject to liability are (1) the owner, operator, or lessee of any pollution source or facility; (2) any person who has directly transported or directly contracted for the transportation of a hazardous substance or hazardous waste to a pollution source or facility; (3) any person who generated a hazardous waste which was eventually transported, stored, disposed of or discharged at a pollution source or facility; and (4) any other person who disposed of or discharged a hazardous substance at a pollution source or facility. La.R.S. 30:2273. When the secretary determines that a discharge or disposal of a hazardous substance has occurred or is about to occur which may present an imminent and substantial endangerment to health or the environment, he shall make a written demand on every owner, generator, transporter, disposer, operator, or other responsible person who has participated in the disposal or discharge of a hazardous substance. La.R.S. 30:2275.
*253 A participating party, who receives a demand by the state and agrees to clean up the pollution source or facility, may then sue and recover from any other nonparticipating party, one refusing to comply or respond to the state's demand, twice the latter's portion of remedial costs under La.R.S. 30:2276 G.[3] Prior to this suit, however, the participating party shall make a written demand upon any nonparticipating party they intend to sue requiring payment of their portion of remediation costs. Id. This section is the penalty provision for those parties who fail to respond to the state's demands. A "participating party" is specifically defined as a person who undertakes remedial action after receiving a demand from the secretary in compliance with the demand and as approved by the secretary. La.R.S. 30:2272(7). A "nonparticipating party" means a person who refuses to comply with the demand of the secretary, or fails to respond to the demand, or against whom a suit has been filed by the secretary. La.R.S. 30:2272(6).
Louisiana law does not provide third parties with a cause of action against corporate directors and officers for negligence, mismanagement, breach of fiduciary duty, or for debts of the corporation. La. R.S. 12:92; Korson v. Independence Mall I, 595 So.2d 1174 (La.App. 5th Cir.1992). Officers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context. Id.
The well-settled rules of statutory construction provide that when two statutes on the same subject matter conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. La.R.S. 1:3, 4; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980) and authorities therein; Sargent v. Louisiana Health Serv. & Indem., 550 So.2d 843 (La.App. 2d Cir.1989). The meaning and intent of the statutory provision at issue must be determined by considering the statute in its entirety and other laws on the same subject matter; a construction should be placed on the provision which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. Hayden v. Richland Parish School Board, 554 So.2d 164, 167 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (1990). Statutes and regulations that authorize civil penalties are to be strictly construed. Gibbs Construction Co. v. Department of Labor, 540 So.2d 268 (La.1989); Roe v. City of New Orleans, 766 F.Supp. 1443 (E.D.La.1991).

DISCUSSION
Initially, we note that neither appellant nor appellees address the action for loss of sale proceeds. In any event, the trial court correctly held that Goodwin cannot maintain his cause of action against corporate officers because he has not alleged that they have committed any intentional and independent tortious acts which contributed to the loss of the sale. Korson, supra. The sole basis alleged for this action against all defendants was Agrilite of Louisiana's delay in vacating the premises. Thus, the trial court properly found, insofar as this action for lost proceeds of sale, that Goodwin failed to state a cause of action against Campbell, Averett and Fletcher.
Next, we address Goodwin's action against appellees for, in effect, a portion of remediation costs. For this claim, we notice on our own motion, that Goodwin has failed to disclose a cause of action under the LEQA.
Goodwin alleges in his petition that there was an "unauthorized dump" on the premises and that he cleaned up the "offending material" in accordance with the DEQ's requirements to comply with the terms of the contract to sell. Though Goodwin mentioned *254 neither the LEQA nor the statutory provision giving rise to his cause of action in his petition, he now strenuously argues on appeal that the Act, specifically R.S. 30:2276 G, provides him with a direct action against appellees for their portion of clean-up costs. However, Goodwin never alleged in his petition, as specifically required to support liability under the LEQA, that a discharge or disposal of a hazardous waste or substance occurred or that the site in question was a pollution source or facility.
Goodwin also failed to allege that he complied with R.S. 30:2276 G and made a written demand upon these defendants prior to initiating suit against them. Furthermore, R.S. 30:2276 G provides a cause of action to a participating party against a nonparticipating party. To be either a participating or nonparticipating party, the party must have received a demand by the state. However, Goodwin's petition at best alleges only that the former owners, Agrilite of Louisiana and DVS, "were aware of" a request by the DEQ to remove the offending material, and in no way suggests that a written demand was ever made on any corporate officers to clean the site. We may only accept well-pleaded allegations as true and cannot consider documents that plaintiff has attached to his brief on appeal to controvert the exceptions of no cause of action. La.C.C.P. art. 931; Barrie, supra. On the face of the petition alone, it is simply impossible for us to determine first, whether the secretary of the DEQ actually made a demand upon appellees, and second, if the demand was made, whether appellees ignored or refused to comply with it. Moreover, we note that Goodwin's factual assertion, that the department received a complaint and contacted him about removing some offending material, does not clearly allege that he received written demand by the state, and that he is therefore a participating party.
We also note that R.S. 30:2273 imposes liability on an owner, operator, generator, transporter, disposer, or other responsible party who participated in the disposal or discharge of the hazardous waste. The petition is devoid of any factual allegation that Campbell, Averett or Fletcher engaged in the above stated activities. In his petition, Goodwin merely mentions Campbell's day-to-day control of employees, Averett and Fletcher's supervisory capacity, and that they were all aware that the dump existed and allowed it to remain in use.
If there exists any potential conflict between general corporation laws and the environmental hazardous waste legislation regarding corporate officers' liability, the LEQA, specifically directed at liability for waste disposal or discharge, must prevail. Smith, Sargent, supra. The legislature's clear and express intent in enacting the LEQA was to assure that those persons or entities who contributed to the discharge or disposal of a hazardous substance bear the costs of remediation. La.R.S. 30:2271 B (emphasis added). Although the LEQA does not expressly define "person," we are guided by similar federal environmental legislation, CERCLA § 101(21), 42 U.S.C. § 9601(21), and federal cases interpreting "person" to include corporate officers. See Riverside Market Dev. v. International Bldg. Products, 931 F.2d 327 (5th Cir.1991); United States v. Northeastern Pharmaceutical, 810 F.2d 726 (8th Cir.1986). Furthermore, the provision at issue, R.S. 30:2276 G, is penal in nature and must be strictly construed. Gibbs, supra; Roe, supra.
As it now stands, Goodwin's petition does not state a cause of action against Campbell, Averett or Fletcher under either general law for loss of proceeds of sale or under LEQA for contribution of remediation costs. Nevertheless, when the grounds for the peremptory exception of no cause of action may be removed by amending the petition, the judgment shall order such amendment. La.C.C.P. art. 934; Bradshaw, supra. Although Goodwin, on his own accord, amended the petition as approved by the court to add Fletcher as a party defendant before any exceptions were filed, he was not allowed to amend his petition and remove the grounds of the exceptions after they had been sustained. Consequently, Goodwin should be afforded the opportunity to amend his petition to state a cause of action.
For the foregoing reasons, the judgments are affirmed insofar as they sustained appellees' *255 exceptions of no cause of action. However, the judgment of July 26, 1993 is amended to provide that the dismissal of John Campbell is (like the other defendants) without prejudice; and the case is remanded, giving the plaintiff 15 days from the rendition of this judgment to amend his petition; and for further proceedings in accordance with law. Costs of this appeal are assessed one-half to appellant and one-half to appellees.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] Producers Rice Mill settled out of court and upon joint motion and order signed August 24, 1993 was dismissed with prejudice as a party defendant.
[2] On October 19, 1993 the trial court signed another judgment, sustaining Averett and Fletcher's exception and dismissing the action against them with prejudice. Goodwin has not appealed from this judgment. Moreover, the delays for seeking a new trial had expired before the trial court rendered the October judgment; the September judgment was final and the trial court no longer had any power to amend it. La.C.C.P. art. 2088. Thus, we will consider only the July and September judgments.
[3] Though neither party mentions this in brief, we note that the Legislature recently amended subsection G to provide for an action by any person who has incurred remedial costs for cleanup of discharged hazardous substances without prior demand by the DEQ. La. Acts No. 986, § 1, eff. June 25, 1993. We pretermit deciding whether this amendment applies here because it was neither pleaded at the trial court level nor argued on appeal; in any event, Goodwin failed to state a cause of action because he did not allege that he made a written demand upon the appellees at least sixty days prior to suit. La.R.S. 30:2276 G(3).