652 So.2d 698 (1995)
STATE ex rel. NEIGHBORHOOD ACTION COMMITTEE and Kevin Smith
v.
Edwin EDWARDS, Governor, State of Louisiana, et al.
No. 94 CA 0630.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*699 Timothy Cerniglia, New Orleans, for plaintiff-appellant The Neighborhood Action Committee and Kevin Smith.
Albert H. Carpenter, Jr., Baton Rouge, for defendant-appellee State, Atty. Gen., Com. of Admin., Office of Governor.
Michael J. Power, Kenner, for defendantappellee City of Kenner, Mayor Aaron Broussard, Kenner City Council.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
Petitioners-appellants, the Neighborhood Action Committee ("NAC") and Kevin Smith ("Smith"), appeal the dismissal of their petition, which seeks to have writs of mandamus issued against several representatives of the State of Louisiana ("State") and the City of Kenner ("City") in connection with a lease executed between the State and the City. The trial court dismissed the proceeding, sustaining the dilatory exceptions of unauthorized use of summary proceedings and the peremptory exceptions of no right of action filed by the defendants. We affirm.

I. FACTS
The NAC, a Jefferson Parish non-profit corporation consisting of citizens of the State and residents of the City, and Smith, a citizen and domiciliary of the City and State filed suit seeking a writ of mandamus issued directing defendants Edwin Edwards, Richard Ieyoub and Raymond Laborde to reject any amendments to State Lease Number 1298 ("Lease 1298") or any attempts to relinquish any property from the lease to allow for its use for gaming. This suit also sought the issuance of a writ of mandamus directing a number of named representatives of the City to "reject any proposed city ordinance or authorize any sub-lease or relinquishment of any portion of the lease premises...."
In support of the petition, NAC and Smith attached a copy of Lease 1298 and a subsequent amendment to the lease. During 1981, the State and the City executed Lease 1298. Pursuant to this agreement, the State leased a portion of state owned water bottoms located at the foot of Williams Boulevard to the City, which agreed to make certain improvements for the purpose of developing a public recreation facility on the land. The lease was amended in 1990 to provide that additional state property was subject to the lease and that the City agreed to provide addition improvements to the property.
Also attached to the petition is a copy of an unexecuted Amended and Restated Lease Agreement, which provides for further amendment of Lease 1298. This document proposes the amendment of the lease to provide for an extension of the term of the lease and the possible sublease of a portion of the leased premises to Treasure Chest Casino, L.L.C. ("Treasure Chest").
In response to the petition, the State and City representatives each raised the dilatory exception of unauthorized use of summary proceedings and the peremptory exception of no right of action, which were sustained by the trial court. The trial court sustained these exceptions and dismissed the petition. Petitioners have appealed from this ruling. We affirm the trial court's dismissal of the petition, based on a finding that the suit for mandamus was an unauthorized use of a summary proceeding. We find it unnecessary to decide the issue of whether plaintiffs have a right of action to pursue a writ of mandamus.

II. ANALYSIS
La.C.C.P. art. 3862 provides, in pertinent part:

*700 A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice....
La.C.C.P. art. 3863 states, in part:
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law....
The mandamus is an extraordinary remedy which must be used by the courts sparingly to compel action that is clearly provided by law, but only where it is the only available remedy, or where the delay occasioned by the use of any other remedy would cause an injustice. Board of Commissioners of Lafourche Basin Levee Dist. v. Board of Commissioners of Atchafalaya Basin Levee Dist., 340 So.2d 600, 603 (La.App. 1st Cir.1976).
In the instant suit, petitioners seek to prevent the amendment of Lease 1298 or seek to enforce the terms of the original lease. This relief could be sought by ordinary suit for injunctive or declaratory relief. Additionally, there is nothing in the pleadings or in the arguments advanced by petitioners to indicate that the ordinary legal process is likely to produce such a delay that will result in any injustice to petitioners.
Moreover, even if we consider the merits of the mandamus proceeding, we conclude that the writs of mandamus sought by petitioners cannot be issued for the relief sought. Mandamus is an extraordinary remedy which will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. A writ of mandamus will lie to compel performance of prescribed duties that are purely ministerial; it will not lie to compel performance of an act which contains any element of discretion, however slight. R.A.K. v. Employees Group Benefits Program, 558 So.2d 633 (La.App. 1st Cir.1990); Louisa Seafood Co., Inc., v. Louisiana Wildlife & Fisheries Comm., 546 So.2d 571 (La.App. 1st Cir.1989).
Petitioners present several convoluted arguments in support of the issuance of the writ of mandamus directed to the State officials, arguing that various statutes impose an affirmative duty on the State to uphold the original provisions of Lease 1298. In our opinion, none of the statutory provisions cited by petitioners preclude the amendment of a lease executed by the State. However, even if these statutory provisions did prohibit the amendment of the lease, a writ of mandamus would not be an appropriate process to challenge an amendment, or as in this case a proposed amendment.
In any event, the relief actually sought by petitioners is injunctive relief to prevent the execution of a lease or sublease between the State and/or the City and the Treasure Chest. A writ of mandamus will not lie in this instance to prohibit an amendment of Lease 1298 or to prevent the execution of a lease or sublease. The mandamus will only lie to compel ministerial action. A review of the petition, the supporting documents and the pertinent law does not reveal any ministerial action required of the State or the City.
Appellant also claims that La.R.S. 38:2188 provides a statutory basis for mandamus relief. This statute provides, in pertinent part as follows:
A. In the event that any person shall contract with any public entity with reference to the ... reconstructing, or care of any ... levee ... and shall fail or neglect to perform the contract, the public entity, any officer, or any five taxpayers thereof, may proceed by a writ of mandamus to compel the performance of the contract, or any part of the contract....
A review of Lease 1298 establishes that the City agreed to construct certain improvements on the property in question. However, the lease does no specifically impose any obligations on the City which could be classified as an agreement to reconstruct or provide care for a levee. However, even if it did, the petition in this matter does not allege that the City has failed or neglected to provide the "reconstructing, or care of any... levee" as is required by La.R.S. 38:2188 in order for such a writ of mandamus to issue. As such, we conclude that La.R.S. 38:2188 does not support the issuance of a writ of mandamus against the City or the *701 State based on the facts asserted in the petition.

III. CONCLUSION
For the above reasons, we affirm the judgment of the trial court which sustaining the dilatory exception of unauthorized use of summary proceedings and dismissed the petition of NAC and Smith.
AFFIRMED.