707 So.2d 1322 (1998)
Elizabeth S. WOODWARD, Plaintiff-Appellee,
v.
Melvin J. GEHRIG, et ux., Defendants-Appellants.
No. 97-1040.
Court of Appeal of Louisiana, Third Circuit.
February 11, 1998.
Writ Denied April 24, 1998.
Karl E. Boellert, Lake Charles, for Elizabeth S. Woodard.
Nilo Addison Nickel, Jr., Lake Charles, for Melvin J. Gehrig, Jr., et ux.
Before THIBODEAUX, GREMILLION and PICKETT, JJ.
THIBODEAUX, Judge.
Elizabeth S. Woodward filed suit against Melvin M. Gehrig and Natalie D. Gehrig seeking to establish the existence and validity of a servitude of passage along adjoining property. Ms. Woodward also sought to enjoin Mr. and Mrs. Gehrig from obstructing and interfering with her use of the servitude.
The trial court granted judgment in favor of the plaintiff recognizing the existence of a valid conventional servitude. The defendants were ordered by the trial court to remove all obstructions from the servitude and to provide the plaintiff with an alternate route for the servitude. From this judgment, the defendants now appeal. Ms. Woodward answers the appeal and requests that the judgment be amended to delete the reference to an alternate route. She also ask for damages for filing a frivolous appeal.
Based on the following reasons, we amend and affirm the judgment of the trial court. The judgment is amended by deleting the phrase "until such time as they [the defendants] have provided another equally adequate and conventional location for access to Lots 4 and 5 of Cyprien Estates."

I.

ISSUES
We must decide:
1. whether the trial court erred in ordering the defendants to remove all obstructions from the servitude and to provide the plaintiff with an alternate route for future use of the servitude; and,
2. whether the plaintiff should be awarded damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164.

*1323 II.

FACTS
Elizabeth Woodward is the developer of Cyprien Estates, a subdivision on Prien Lake Road in Lake Charles, Louisiana. Prior to June 1992, she owned Lots One through Six within the subdivision. Ms. Woodward's home is situated on Lot Five. Cyprien Lane is the primary road which runs through the subdivision and provides access to all lots except Lot Five. To access Cyprien Lane from her home, Ms. Woodward constructed a private passage leading from Lot Five to Cyprien Lane and running through Lot Four.
On June 5, 1992, Mr. and Mrs. Gehrig purchased Lot Three and the West half of Lot Two to build a home on the property. On the same date, an act of servitude of way of passage was properly executed establishing a conventional servitude on the North thirty feet of Lots One, Two, Three, and Four. Ms. Woodward and her husband created this passage along through the rear portion of these lots in order to access Lock Lane from Lot Five.
After their March 11, 1994 acquisition of Lot One and the East half of Lot Two, the Gehrigs owned Lots One, Two, and Three. The entrance to the servitude is located on Lot One. At the entrance of the servitude is a gate which the Gehrigs kept locked. The Gehrigs also constructed a garage and tool shed which are partially situated on the servitude.
This dispute arose after the Gehrigs refused Ms. Woodward's request that they either unlock the gate or give her the keys to access the gated entrance. On July 22,1996, Ms. Woodward filed a preliminary and permanent injunction seeking recognition of the servitude and access to the servitude free of interference by the Gehrigs. Specifically, she alleged that the Gehrigs maintained a locked gate at the entrance of the passage which inhibited her access to the passage and that the Gehrigs constructed a garage and other improvements on the servitude without her consent.
The trial court denied Ms. Woodward's request for injunctive relief. On August 14, 1996, the Gehrigs filed an answer and reconventional demand alleging that Ms. Woodward had violated the building restrictions of the subdivision and had inflicted emotional distress upon them. Thereafter, the plaintiff filed a motion for summary judgment, which was subsequently rejected by the trial court.
After reviewing the evidence at trial, the trial court rendered a final judgment which recognized a valid and existing conventional servitude in accordance with the June 5, 1992 act of servitude of passage. The trial court also enjoined the Gehrigs from interfering with the servitude until they could provide another equally adequate and convenient location or route for the servitude. Mr. and Mrs. Gehrig were ordered by the trial court to remove all obstructions on the servitude within sixty days of rendition of the judgment and to remove the lock from the gated entrance of the servitude.

III.

LAW & DISCUSSION

Standard of Review
Generally, an appellate court may not set aside the factual findings of a trial court unless there is a finding of manifest error or it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). "The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." Butler v. Zapata Haynie Corp., 92-71, p. 7 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, 1278, writ granted in part and denied in part, 94-1171 (La.7/5/94), 639 So.2d 1186, cert. denied, 513 U.S. 1017, 115 S.Ct. 579, 130 L.Ed.2d 494 (1994). To reverse the determinations of the trial court, an appellate court must:
1) find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).

*1324 Relocation of the Servitude Pursuant to La.Civ.Code art. 748
The Gehrigs claim that the trial court erred in ordering the removal of all obstructions from the servitude. They argue that since its original designation, the servitude of passage has allegedly become more burdensome to their estate. Therefore, the Gehrigs assert that the servitude may be relocated to an equally convenient location, at their option, which the plaintiff is bound to accept. We disagree.
Louisiana Civil Code Article 748, governing noninterference by the owner of servient estate, provides the following:
The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude.
If the original location has become more burdensome for the owner of the servient estate, or if it prevents him from making useful improvements on his estate, he may provide another equally convenient location for the exercise of the servitude which the owner of the dominant estate is bound to accept. All expenses of relocation are borne by the owner of the servient estate.
Under this article, a servitude may not be repositioned by the owner of the servient estate unless there is a showing that the original location has become more burdensome for the owner or that the location prevents him from making useful improvements to his property. If the owner of the servient estate fails to satisfy this initial burden, the option of an alternate route or location for the servitude is eliminated. Thus, under Article 748, the issue of an alternate route or location is invoked only if it is proven that the original location has become more burdensome to the servient estate.
In this suit, the trial court recognized a valid and existing act of servitude creating a thirty-foot wide passage along the rear portion of Lots One, Two, Three, and Four. The record shows that the servitude of passage was established to provide access for the Woodwards and their guests from Lock Lane to the Woodward home. The servitude was used only for its intended purpose pursuant to the act of servitude. Also, on the date which they initially acquired their property, the Gehrigs received actual notice concerning the execution of the act of servitude.
Ms. Woodward was able to access the servitude until the Gehrigs began locking the entrance gate to the servitude. When asked by her to either unlock the entrance gate or provide the necessary keys to gain access, the defendants refused. As the owner of the servient estate, the defendants can do nothing to diminish or interfere with the plaintiff's use of the servitude. Such conduct by defendants constitutes interference with the plaintiff's use of servitude.
Moreover, the trial record is void of any evidence that the original location of the servitude of passage became more burdensome to the defendants' estate. While we find no evidence that the servitude had become more burdensome to their estate, we infer that the servitude may have posed a possible inconvenience to the defendants. Nevertheless, mere inconvenience is not sufficient under Article 748 to satisfy the burden for an alternate route. Because the Gehrigs failed to sustain their burden of proof under Article 748, they are not entitled to the option of providing an alternate route for the servitude.
Additionally, the servitude did not prevent the defendants from making useful improvements to their property. They constructed a small "lean-to" garage and tool shed which were partially situated on the servitude. Although the defendants argue that the plaintiff did not object to the construction of the improvements at any time, there is no evidence that the defendants obtained the plaintiff's consent to the improvements. The record shows that the improvements were constructed solely for the benefit of the defendants' estate. Though the improvements did not fully obstruct the servitude, the improvements were partially constructed onto the servitude without the consent of Ms. Woodward, the owner of the dominant estate.
Furthermore, based on our interpretation of Article 748, the trial court's judgment and reasons for judgment appear to be inconsistent with the statutory intent of the provision. We interpret Article 748 as providing the owner of the servient estate with the *1325 option of relocating the servitude if one of the following two conditions exist:
1) the original location of the servitude has become more burdensome for the owner of the servient estate, or
2) the original location of the servitude prevents the owner of the servient estate from making useful improvements on his estate.
In this suit, the trial court ordered the defendants to remove all obstructions from the servitude and to refrain from interfering with the servitude until such time as they have provided an alternate route for the servitude. Once the obstructions are removed and there is, as ordered, no interference with Ms. Woodward's use of the servitude, there is no issue concerning an alternate route. If the improvements are removed, the plaintiff will be able to use the original route of the servitude, free of any obstruction. Thus, the requirement of an alternate route under Article 748 is not applicable to this suit absent proof of the existence of at least one of the conditions articulated in Article 748, as noted above.
We find that the portion of the judgment which makes reference to an alternate route lacks sufficient evidentiary support. As previously discussed, there is no evidence in the record that the original route has either become more burdensome to the defendants' estate or prevented the defendants from making useful improvements on their property.
We find that the trial court erred by ordering the defendants to both provide an alternate route for the servitude and remove the improvements from the servitude. Therefore, we amend the judgment of the trial court by deleting from the judgment all reference to the court order directing the defendants to provide an alternate route for the servitude. In all other aspects, we affirm the judgment of the trial court.

Frivolous Appeal
On appeal, the plaintiff seeks damages for frivolous appeal under La.Code Civ.P. art. 2164. She asserts that the defendants' appeal does not present a substantial legal question. We disagree.
In accordance with Article 2164, an appellate court may award damages for frivolous appeal and assess the costs of the lower or appellate court, or any part thereof, against any party to the suit. An appeal is considered frivolous "only if it does not present a substantial legal question; or if it is obvious either that the sole purpose is delay, or that appealing counsel does not seriously believe the view he has advocated." Hays v. Volentine, 29,555, p. 4 (La.App. 2 Cir. 5/7/97), 694 So.2d 633, 636; Joyner v. Wear, 27,631 (La. App. 2 Cir. 12/6/95), 665 So.2d 634, writ denied, 96-40, 96-42 (La.2/28/96), 668 So.2d 370. "Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant." Joyner, 665 So.2d at 642.
After reviewing the record, we conclude that the defendants' appeal presents a legal question worthy of some, albeit slight, consideration. There is a sufficient legal basis for their appeal. Therefore, we find that Ms. Woodward is not entitled to an award of damages for her claim of frivolous appeal.

IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court is affirmed in all respects except as it undertakes to order the defendants to provide an alternate route for the servitude. We amend the judgment to delete the reference to "until such time as they have provided another equally adequate and conventional location for access to Lots 4 and 5 of Cyprien Estates." As amended, the judgment of the trial court is affirmed. We also deny the plaintiff's request for damages for frivolous appeal. All costs are assessed against the defendants-appellants, Melvin and Natalie Gehrig.
AMENDED AND, AS AMENDED, AFFIRMED.