688 So.2d 668 (1997)
David Lee STEVENS, et al., Plaintiffs-Appellees,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 29124-CW.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1997.
Rehearing Denied February 20, 1997.
*669 George M. Snellings, IV, Monroe, for Defendant-Appellant.
Scott Killen, for Plaintiffs-Appellees.
Before BROWN, WILLIAMS and PEATROSS, JJ.
BROWN, Judge.
In this tort action, it is alleged that an employer's intentional and arbitrary refusal to pay medical expenses condemned an injured worker to a life of severe and intractable pain. The employer filed exceptions of res judicata, no cause of action and no right of action, claiming that the Workers' Compensation Act provided the sole and exclusive *670 remedy to the injured employee. We affirm the trial court's rejection of these exceptions because we find that the allegations pled, if proven, state a cause of action.[1]

FACTS
In January 1993, David Stevens injured his left shoulder while in the course and scope of his employment with Wal-Mart Stores, Inc. (Wal-Mart). Stevens' failure to promptly report his alleged accident and the inconclusive reports of various treating physicians led Wal-Mart to deny his workers' compensation claim. Stevens commenced administrative proceedings in February 1994, seeking compensation benefits, medical expenses, penalties and attorney fees.
On March 8, 1995, a workers' compensation hearing officer (WCHO) found that Stevens was injured on the job and ordered Wal-Mart to pay him temporary total disability benefits, along with past and future medical expenses. The hearing officer concluded, however, that Wal-Mart had not acted arbitrarily or capriciously and declined to award penalties and attorney fees.
In March 1995, Wal-Mart filed a suspensive appeal from the WCHO's decision challenging the findings regarding prescription and causation. Stevens answered the appeal asserting error in the WCHO's decision that Wal-Mart's actions were not arbitrary and capricious.
In June 1995, during the course of the suspensive appeal, Stevens' treating physician wrote that, "[I]t is imperative that treatment be instituted immediately, as further physical impairment may occur with any additional delays." In a second letter written in June 1995, the doctor stated, "[A]dditional delays in treatment could result in further deterioration of physical as well as mental status. This deterioration will most likely be irreversible. If his mental status (due to severe intractable pain) deteriorates further, Mr. Stevens may commit suicide and the (workers' compensation) insurance carrier will, in my opinion, be responsible." Stevens had no insurance and his continued treatment was contingent upon receipt of the medical payments awarded by the hearing officer. Despite the urgency of the plea from the treating physician, Wal-Mart withheld medical payments pending the outcome of its suspensive appeal.
On September 21, 1995, David Stevens filed a petition in the Third Judicial District Court against Wal-Mart seeking damages for the deterioration of his physical and mental condition because of his inability to obtain treatment due to the withholding of medical payments. In addition, Mrs. Stevens claimed damages for loss of consortium and his minor children sought damages for loss of society. Plaintiffs' claims were premised on the assertion that defendant intentionally and arbitrarily withheld medical payments, thereby causing irreversible deterioration in Stevens' health. An amended petition annexed and adopted the reports (letters) of the treating physician. In response, defendant filed exceptions of no right of action, no cause of action and res judicata. Defendant argued that the Workers' Compensation Act provided the exclusive remedy for an injured employee.
In November 1995, this court affirmed the WCHO's decision in its entirety. See Stevens v. Wal-Mart Stores, Inc., 27,977 (La. App.2d Cir. 11/01/95), 663 So.2d 543. An application for rehearing filed by Wal-Mart was denied.[2]
In June 1996, the trial court, in a well-reasoned opinion, denied defendant's peremptory exceptions. This court granted defendant's supervisory writ application to review the trial court's action.

DISCUSSION
The rights and remedies afforded by Louisiana's Workers' Compensation Act provide the exclusive means of redressing work place injuries. La. R.S. 23:1032. In exchange for their obligation to provide compensation and medical benefits, employers generally enjoy *671 immunity from tort liability for injuries as the result of an accident arising out of and in the course of employment. La. R.S. 23:1021-1415, et seq.
Our supreme court recently recognized, however, that two separate, distinct incidents may cause two separate, distinct injuries to the employee, one giving rise to the employer's statutory duty to pay workers' compensation benefits and the second creating a cause of action in tort based on the employer's breach of its statutory obligation to timely pay medical benefits. Weber v. State of Louisiana, 93-0062 (La.04/11/94), 635 So.2d 188.
In Weber, supra, plaintiff contracted an occupational disease for which his employer immediately began payment of compensation benefits. Four years later, plaintiff's condition became terminal and he was in desperate need of a heart transplant. The employer steadfastly refused to pay for the preliminary testing necessary for the procedure. Weber petitioned the Office of Workers' Compensation which issued a non-binding recommendation that the employer pay all medical bills related to the transplant. Defendant, however, continued in its refusal to pay. Nineteen days later, before judicial intervention could be sought, Weber died.
Thereafter, Weber's family filed a wrongful death action. The employer filed an exception of no cause of action which the trial and appellate courts sustained. The Supreme Court reversed, recognizing two distinct injuries suffered by plaintiff. First, he suffered the original work place injury which was compensable under the Workers' Compensation Act. The alleged intentional and arbitrary conduct by his employer in withholding necessary medical payments was considered a separate and distinct incident. The court noted that the injury resulting from this second incident was not covered by the Workers' Compensation Act because it did not occur during the course of employment and only marginally arose out of employment. Thus, the employer's alleged conduct, if proven, could result in a cause of action beyond that contemplated by the Workers' Compensation Act. The court's very narrow holding was stated as follows:
We hold that the State's alleged conduct in intentionally and arbitrarily denying necessary medical expenses, if proved, may result in liability for damages beyond the remedies provided in the Workers' Compensation Act, when the conduct and resulting injury does not occur in the course and scope of employment, and when the employer knew to a substantial certainty the denial would cause death that would not otherwise have occurred. This is a narrow exception to the general rule that penalties and attorney fees are the exclusive remedy for the employer's misconduct in handling the administration of compensation claims. The exception applies only when there is intentional conduct and where the employer acts arbitrarily despite knowledge that death is substantially certain to follow.
Weber, 635 So.2d at 194.
In a related footnote, the court in Weber side-stepped the dilemma posed by the instant case, stating, "[w]e reserve for another day the decision on whether the exception would apply if the employer arbitrarily denies payment of necessary medical expenses despite the knowledge that a significant worsening of the employee's condition is substantially certain to follow the denial." Weber, 635 So.2d at 194 (fn.9).
The hybrid nature of plaintiffs' claim in this case is conceptually unique. The Weber court noted that a tort is a breach of a duty which results in damages. Here, plaintiffs allege that defendant has breached its duty to promptly pay medical expenses, which may result in the irreversible deterioration of Stevens' physical and mental health. Specifically, the treating physician stated that she did not "feel that Mr. Stevens will ever obtain full function of his arm ... (or) complete relief of pain ... [H]owever with treatment we may optimize his pain control and he may regain a slight degree of function if his pain is very well controlled." The petition alleges that Stevens has lost his chance for a life with less pain and the realization of greater use of his arm. As in Weber, the alleged breach of duty occurred *672 outside the course of employment, but because the duty breached was imposed directly by the Workers' Compensation Act, the breach marginally arose out of employment.
The penalty provisions of the Workers' Compensation Act arguably address the breach of an employer's duty to provide timely medical payments; however, the Weber court recognized the limited impact and scope of these provisions, noting that they provide the exclusive remedies available where an employer needs to be "nudged" into making timely payments where a delay results in "mere harassment or mental anguish." Weber, 635 So.2d at 193. The injuries alleged in the instant case rise above mere harassment or mental anguish. It is alleged, and was urgently advocated by Stevens' treating physician, that if the proposed treatment was not immediately utilized, its potential benefits could be lost.
The loss of this chance for a less painful, more useful life is not redressable under the provisions of the Workers' Compensation Act. The limited scope and application of the remedial provisions under the Act suggest that they were not contemplated by the legislature as the exclusive remedy for what could potentially relegate an injured employee to a life of greater pain and limited functioning. While the Weber holding is narrow and admittedly does not resolve the issue in the instant case, we find the reasoning persuasive, at least to the extent that we are constrained to find that plaintiffs have stated a cause of action.
A tort-based remedy, separate and apart from the remedies available under the Act, exists when a plaintiff alleges: (1) that he suffered a compensable injury; (2) that his employer arbitrarily and intentionally refuses to pay reasonable medical expenses; (3) that the refusal results in a significant, immediate and irreversible deterioration of the employee's health; (4) this result would not have occurred otherwise, and; (5) the employer knew that such results were substantially certain to follow from the refusal to pay.
The function of the exception of no cause of action is to determine the sufficiency in law of the petition. The exception is limited to the face of the pleadings and the well-pleaded facts in the petition must be accepted as true in concluding whether the law affords any remedy to plaintiffs. La. C.C.P. Art. 927; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
Plaintiffs' petition alleges that Stevens was injured in the course and scope of his employment with Wal-Mart. The petition further alleges that defendant intentionally and arbitrarily refused to make required medical payments. Plaintiffs allege that Stevens' physical and mental health would suffer substantial, irreversible damage without immediate medical payments and so informed defendant. Finally, the petition states that the injuries alleged resulted solely from defendant's delayed payments. We find that the trial court correctly denied defendant's exception of no cause of action.
In Berry v. Insurance Company of North America, 28,580 (La.App.2d Cir. 10/30/96), 683 So.2d 310, this court concluded that no tort-based cause of action existed for damages stemming from the mere worsening of an injured employee's health due to the alleged arbitrary and intentional withholding of medical payments. The Berry majority reasoned that because plaintiff's condition was not fatal, he could benefit from the penalty provisions of the Act. We choose not to follow Berry and note the dissenting view of two members of the panel. We believe, as in Weber, that the Act does not provide sufficient redress for the injuries alleged.
Defendant's exception of no right of action was also denied by the trial court. On appeal, defendant urges that the remedies under the Workers' Compensation Act are exclusive. Having concluded that a valid cause of action exists outside of the Act under the facts alleged herein, we conclude that the exception of no right of action was also properly denied.
Finally, defendant argues that because the WCHO rejected Stevens' request for penalties and fees, its exception of res judicata was improperly denied. The breach of duty complained of in the instant suit arose after the administrative hearing and is *673 based upon conduct allegedly occurring after the hearing. Under these circumstances, the exception of res judicata was properly denied.

CONCLUSION
We conclude that a separate, tort-based cause of action exists where an employer's arbitrary and intentional withholding of medical payments due under the Workers' Compensation Act results in a significant and irreversible worsening of an injured worker's physical or mental health. The denial of defendant's peremptory exceptions is affirmed at defendant's costs.
AFFIRMED.
PEATROSS, Judge, concurring in part; dissenting in part.
While agreeing that the denial of the exception of res judicata was proper, I disagree with the majority's decision to choose not to follow this court's decision in Berry v. Insurance Company of North America, 28,580 (La.App.2d Cir. 10/30/96), 683 So.2d 310. I, therefore, respectfully dissent with the majority's decision to affirm the denial of the plaintiff's exception of no cause of action and no right of action.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, CARAWAY and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] Of course, plaintiffs face the difficult task of proving their claim.
[2] The current status of plaintiff's medical treatment and whether the delay in payment resulted in an irreversible condition are issues for plaintiff to prove.