706 So.2d 198 (1998)
Linda S. KELLY, Plaintiff-Appellant,
v.
CNA INSURANCE COMPANY, et al., Defendants-Appellees.
No. 29455-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1998.
*199 Travis M. Holley, Bastrop, for Plaintiff-Appellant.
Jan P. Christiansen, Monroe, for Defendants-Appellees.
Before MARVIN, C.J., and NORRIS, HIGHTOWER, BROWN, WILLIAMS, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
NORRIS, Judge.
The plaintiff, Linda Kelly, appeals a judgment sustaining the defendants' exception of no cause of action and dismissing her suit. Because of conflicting authority from this court,[1] the matter was referred to an en banc hearing. URCA Rule 1-5. For the reasons expressed, we now affirm but remand the case to the District Court to grant Ms. Kelly the opportunity to amend her petition to state a cause of action.
Ms. Kelly, an industrial worker, filed this tort suit against her employer, Shield Pack, and its insurer, CNA Insurance Co., alleging that because of the repetitive nature of her work, she developed a condition known as carpal tunnel syndrome bilateral epicondylitis. She further alleged that she underwent surgery to treat the condition and then returned *200 to her old job at Shield Pack. Resumption of work, however, caused a recurrence of her pain. CNA placed her on workers' compensation weekly and medical benefits for a period of time, but then, "for no reason whatsoever," terminated these benefits. She further alleged that this action devastated her financially, cast her into clinical depression and made her suicidal. She specifically alleged that CNA and Shield Pack knew of her deteriorating condition but took no steps to assist her; continuing to withhold benefits, they aggravated her condition. In addition to her mental condition, Ms. Kelly alleged that the defendants' action caused her physical condition to deteriorate for lack of proper care. She concluded, in ¶ 11, that the worsening of her condition resulted from "either intentional conduct on the part of the Defendants or conduct that they should have known would cause Petitioner's injury to worsen, and that this worsening is separate and distinct from the injury sustained on the job."
The defendants filed an exception of no cause of action, alleging that Ms. Kelly's exclusive remedy was under the Louisiana Workers' Compensation Act, and that they were entitled to tort immunity under the act. La. R.S. 23:1032; Rusher v. Winningham Nissan Volvo Inc., 550 So.2d 784 (La.App. 2d Cir.1989).
The District Court sustained the exception and dismissed the suit. On appeal, Ms. Kelly urges this was error because of the holding of Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188.
In Weber, a worker sustained an occupational disease, and his doctors told him his only hope of survival was to have a heart transplant. The employer refused to authorize the transplant, but the Office of Workers' Compensation recommended payment. Before the worker could seek judicial review, he died. His survivors filed a tort suit for wrongful death; the employer filed an exception of no cause of action, which the District Court and the Court of Appeal sustained. The Supreme Court, however, reversed. It held that the employer's "alleged conduct in intentionally and arbitrarily denying necessary medical expenses," if proved, "may result in liability for damages beyond the remedies provided in the Workers' Compensation Act[.]" The court held that such damages were appropriate when the conduct and the resulting injury did not occur in the course of employment and only marginally arose out of employment, "and when the employer knew to a substantial certainty the denial would cause death that would not otherwise have occurred."
Apparently because the case was one in which death had intervened, the Supreme Court specifically reserved the decision on whether the exception would apply if the employer denied payment of necessary medical expenses despite knowledge "that a significant worsening of the employee's condition is substantially certain to follow." Id., at p. 10, 635 So.2d at 194, fn. 9.
This court initially visited the issue in Berry v. Insurance Company of N. Amer., 28,580 (La.App.2d Cir. 10/30/96), 683 So.2d 310, writ denied 97-0091 (La.3/7/97), 689 So.2d 1374. The plaintiff in Berry suffered from work-related reflex sympathetic dystrophy; he had requested, and the insurer had refused to provide, experimental treatment which allegedly would have prevented the plaintiff from losing the use of his leg. The plaintiff contended that his allegations stated a cause of action for a tort claim based on a non-fatal condition, the issue reserved in Weber, supra. This court found that on the allegations made, the penalty and attorney fee provision of the Compensation Act, R.S. 23:1201 E and 1201.2, provided a sufficient remedy for the plaintiff. The court declined to extend Weber to cover the non-death claim, and sustained the exception of no cause of action.
The court then re-visited the issue in Stevens v. Wal-Mart Stores Inc., 29,124 (La. App.2d Cir. 1/24/97), 688 So.2d 668, writ denied 97-0671 (La.5/9/97), 693 So.2d 768. In that case the plaintiff injured his shoulder while on the job; although the employer initially denied his compensation claim, a Workers' Compensation Hearing Officer declared that the injury was work-related and ordered the employer to pay weekly and medical benefits. While a suspensive appeal was pending, the plaintiff's treating physician *201 advised the employer that immediate physical and mental treatment was necessary to avert further, irreversible deterioration and possible suicide. As in Berry, supra, the plaintiff countered the employer's exception of no cause of action by urging that his allegations were sufficient under Weber. A different panel of this court agreed, noting that although the specific holding in Weber was narrow, "we find the reasoning [in Weber] persuasive, at least to the extent that we are constrained to find that plaintiffs have stated a cause of action."
We now address the issue for the third time. As the Supreme Court noted in Weber, R.S. 23:1032 is an immunity statute, and it must be strictly construed against the party seeking the immunity. See also Roberts v. Sewerage & Water Bd., 92-2048 (La.3/21/94), 634 So.2d 341. Every presumption must be indulged on the side of preserving the general tort rights of an injured worker against the actual wrongdoer, in the absence of explicit statutory language limiting or excluding such rights. Id. In our view, the interests that the Supreme Court acknowledged and preserved in Weber, a death case, may arise in a non-death case such as Stevens, supra, or the instant case. We find that these interests are no less worthy of preservation in a non-death case. In the absence of clear legislation to reverse the holding of Weber, we will recognize the jurisdiction of the District Court to hear tort cases in which the plaintiff's entitlement to tort-based remedy is properly alleged.
Applying the rationale of Weber, we hold that the injured employee states a tort cause of action when he alleges (1) he suffered what is not disputed to be a compensable injury; (2) intentional and arbitrary refusal to pay reasonable and necessary medical expenses results in a significant, immediate deterioration of his health; (3) this result would not have occurred otherwise and could not have been averted by recourse to the Act; and (4) the employer or insurer knew that such results were substantially certain to follow from the refusal to pay.
The exception of no cause of action tests the legal sufficiency of the petition; it is tried on the face of the petition and, for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. La. C.C.P. art. 927; Roberts v. Sewerage & Water Bd., supra. The general rule is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Id.; Haskins v. Clary, 346 So.2d 193 (La.1977). Every reasonable interpretation must be accorded the allegations in favor of maintaining the sufficiency of the petition and affording the litigant the opportunity to present his evidence. Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir.), writ denied 582 So.2d 1311 (1991).
When the grounds of an exception of no cause of action may be removed by an amendment of the petition, the judgment sustaining the exception shall order that such amendment be made within a specified time. La. C.C.P. art. 934; Robinson v. North American Royalties Inc., 470 So.2d 112 (La. 1985); Goodwin v. Agrilite of Louisiana, 26,061 (La.App.2d Cir. 9/21/94), 643 So.2d 249.
In sum, we conclude that an injured employee may state a Weber cause of action in a non-fatal case. We further conclude that Ms. Kelly has not made the appropriate allegations to state this cause of action. We therefore affirm the judgment sustaining the exception of no cause of action, but remand the case to allow Ms. Kelly to amend her petition, if possible, to state a cause of action in accord with this opinion. Such amendment is to be filed with the District Court within 15 days of the rendition of this opinion.[2] Costs of this appeal are assessed 50% to Ms. Kelly and 50% to the defendants; *202 further costs are to be assessed by the District Court.
AFFIRMED AND REMANDED.
BROWN, J., concurs with written reasons.
CARAWAY, J., dissents with written reasons.
HIGHTOWER, J., dissents for reasons assigned by CARAWAY, J.
GASKINS and PEATROSS, JJ., dissent.
BROWN, Judge, concurring.
I concur in the result reached. I agree that, under certain circumstances, the interest acknowledged by the supreme court in Weber, a death case, may be equally worthy of recognition and preservation in a non-death case. However, with the prerequisite that the right to compensation for this particular condition be undisputed, the enthusiasm is immediately pulled back to a safe place where it touches nothing. A simple motion for summary judgment disputing either the existence of a compensable accident or a causal connection between the accident and the physical or mental condition in question will suffice for a dismissal. Even the conduct in Weber would fall victim to this restraint, as La. R.S. 23:1204 provides:
Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this chapter.
A perspicuous supreme court needs to bring clarity and rest to this truculent and obviously divisive question.
CARAWAY, Judge, dissenting.
I respectfully dissent.
Due to opposite rulings of this court in Berry v. Insurance Company of North America, 28,580 (La.App.2d Cir. 10/30/96), 683 So.2d 310 and Stevens v. Wal-Mart Stores, Inc., 29,124 (La.App.2d Cir. 1/24/97), 688 So.2d 668, we considered this case as an en banc court hoping to end the conflict and to set a specific rule for litigants and district courts to follow. Instead, uncertain over whether this injured employee's claim might be removed from the exclusive remedies and jurisdiction of worker's compensation, the majority now remands the case to the district court without any guidance as to how plaintiff's minimally pled tort claim might be further alleged.
Plaintiff's petition alleges that after she received worker's compensation benefits and medical benefits for a period of time, those benefits were abruptly terminated "for no reason whatsoever." The petition then states:
"That as a result of her benefits being terminated and as a result of the continued and prolonged pain, Petitioner became extremely depressed. She lost all of her possessions, and was required to live with her son due to the fact that she had no income or ability to earn a living. The Defendants failed to allow Petitioner to seek medical care, and failed to pay the medical expenses incurred by Petitioner for the treatment of her pain, which was almost endurable [sic]. As a result of the continued pain, the failure of the Defendant to pay worker's compensation benefits, the failure of the Defendants to allow Petitioner to seek adequate medical care, and the failure to pay the medical expenses that had already been incurred by Petitioner caused Linda S. Kelly to become so depressed, she attempted suicide.
* * * * * *
The failure to allow Petitioner to seek medical care has caused her condition to worsen and, in fact, has caused her to become suicidal. In addition to the mental problem brought about by the failure to assist Petitioner with medical care and to pay her bills, the physical condition of Petitioner has deteriorated and progressively made worse by lack of proper care."
Plaintiff describes the defendants' actions in denying benefits as "willful and intentional conduct" or as "conduct that they should have known would cause Petitioner's injury to worsen."
In Berry, we reviewed a similar claim by an employee where the employer, after first recognizing the work-related claim and paying wage and medical benefits, later refused *203 to authorize payment for certain other medical benefits. Those medical benefits were alleged as necessary to prevent needless pain and suffering and the significant worsening of the employee's condition.
The dispute in Berry, later in Stevens, and now in this case, concerns the interpretation of the Louisiana Supreme Court's decision in Weber v. State of Louisiana, 93-0062 (La.4/11/94), 635 So.2d 188. The Weber case involved the death of an employee who had suffered from an occupational disease and died as the result of his failure to receive a heart transplant. The employer, despite previously having recognized the work-related claim and having paid wage and other medical benefits, nevertheless refused payment for the transplant procedure. Holding that the employer's alleged intentional conduct stated a cause of action in tort, the court concluded:
"This is a narrow exception to the general rule that penalties and attorney's fees are the exclusive remedy for the employer's misconduct in handling the administration of compensation claims. The exception applies only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow."
Id. at 194.
Our opinion in Berry reviewed Weber's "narrow exception" and concluded that the rationale expressed by the Supreme Court in justifying the tort remedy against the employer in a death case does not apply to a claim for the enforcement of worker's compensation benefits by an employee. Our conclusion in Berry, which is likewise applicable for the dismissal of the plaintiff's tort claims in this instance:
"From these provisions contained within the Worker's Compensation Act and particularly Section 1201, we find sufficient evidence of a legislative intent to provide remedies under the Act for the administrative mishandling of a claim for medical benefits whether caused by the defendant's negligent or intentional disregard of the employee's rights. An arbitrary or negligent mistake by an employer in failing to pay medical benefits may cause mental anguish, unnecessary pain and a worsening of the employee's injury to the same extent that the defendants' alleged intentional conduct caused the plaintiff's damages in this case. Nevertheless, unlike the death of the employee in Weber which made the remedies of the Act meaningless, the legislature has balanced the exchange of rights between the employer and the employee in this instance and provided the remedy of the Section 1201 penalties and reasonable attorney's fees which sufficiently protect the employee regardless of the defendant's state of mind in breaching his duty. The jurisdiction of the OWC, with its procedural powers and administrative expertise for the review of proposed medical procedures, reflects the legislative intent for a single forum in which even injuries to an employee's health which are worsening due to the need for special and immediate medical procedures can and should be quickly remedied."
Berry v. Insurance Company of North America, supra, at 314. Instead of directing plaintiff to a singular forum for her adequately pled complaints in this instance, the majority leaves her in neither forum with no instructions for guidance anywhere.
NOTES
[1] Stevens v. Wal-Mart Stores, Inc., 29,124 (La. App.2d Cir. 1/24/97), 688 So.2d 668, writ denied 97-0671 (La.5/9/97), 693 So.2d 768; Berry v. Insurance Company of N. Amer., 28,580 (La. App.2d Cir. 10/30/96), 683 So.2d 310, writ denied 97-0091 (La.3/7/97), 689 So.2d 1374.
[2] The defendants filed a peremptory exception of res judicata in this court on June 24, 1997. In light of our holding that Ms. Kelly has not yet stated a cause of action, we decline to address the subsequent exception. That exception is remanded to the District Court for disposition in the event that Ms. Kelly's amended petition successfully states a cause of action.