722 So.2d 94 (1998)
GROCERY SUPPLY COMPANY, Plaintiff-Appellee,
v.
WINTERTON FOOD STORES, A Louisiana Corporation d/b/a Lo-Mart # 2 (Premier Bank, N.A., Garnishee), Defendant.
Contract Inmate Services, Inc., Intervenor-Appellant.
No. 31114-CA
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
Rehearing Denied January 14, 1999.
*96 Gerald L. Burnett, Shreveport, Counsel for Appellant Contract Inmate Services, Inc.
Leland D. Cromwell, Shreveport, Counsel for Appellee Grocery Supply Company
Before MARVIN, C.J., and WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
In this action for damages arising from a judgment creditor's seizure of the debtor's bank account, the intervenor, Contract Inmate Services, Inc. ("CIS"), appeals a judgment in favor of Grocery Supply Company ("Grocery Supply"). The district court sustained Grocery Supply's peremptory exceptions of no cause and no right of action, and granted its motion to strike the demand of CIS for attorney fees. For the following reasons, we amend and affirm as amended.

FACTS
In December 1991, Grocery Supply obtained a judgment against Winterton Food Stores, Inc. ("Winterton") in Texas. After making the foreign decree executory in Louisiana, Grocery Supply filed a petition for garnishment in the First Judicial District Court for Caddo Parish, seeking to seize funds deposited in Winterton's account at Premier Bank in Shreveport. Subsequently, CIS intervened in the proceeding and asserted a superior security interest in the funds.
After a hearing, the district court rendered judgment finding that CIS possessed a validly perfected security interest, which primed the claim of Grocery Supply, an unsecured judgment creditor, and was entitled to the deposit account funds. The district court dismissed Grocery Supply's seizure of the account and ordered Premier Bank to pay to CIS the deposited funds in the amount of $63,944. On appeal, this court affirmed the district court's finding that CIS held a superior *97 security interest in the deposit account pursuant to the terms of a commercial security agreement. Grocery Supply v. Winterton Food Stores, 27,020 (La.App.2d Cir.5/10/95), 655 So.2d 555.
CIS next filed a rule to show cause seeking to recover $313,157, an amount which included interest, costs, attorney fees and damages representing the alleged deficiency balance owed to CIS by Winterton after crediting the seized account funds. The district court sustained Grocery Supply's exception of improper use of summary proceedings. In February 1997, CIS filed a petition for damages alleging that Grocery Supply's wrongful seizure of the deposit account had prevented Winterton from paying its debt to CIS. Grocery Supply filed exceptions of no cause and no right of action, and a motion to strike the demand of CIS for attorney fees. The district court rendered judgment granting the exceptions and the motion to strike, dismissing the CIS claims. CIS appeals the judgment.

DISCUSSION
Exception of No Cause of Action
CIS contends the district court erred in sustaining Grocery Supply's peremptory exceptions of no cause of action and no right of action. CIS argues that its supplemental petition alleged sufficient facts to state a cause of action for damages caused by Grocery Supply's wrongful seizure of debtor's bank account.
The purpose of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the petition. LSA-C.C.P. art. 927(A)(4); Ackel v. Ackel, 97-70 (La.App. 5th Cir. 5/28/97), 696 So.2d 140. Evaluation of the exception is limited to the face of the pleadings, and the well-pleaded facts in the petition must be accepted as true. Stevens v. Wal-Mart Stores, Inc., 29,124 (La.App.2d Cir.1/24/97), 688 So.2d 668.
Pursuant to LSA-C.C.P. art. 2411, the garnishment procedure is a streamlined legal process for obtaining the seizure of funds of the debtor in the hands of a third party. The garnishee is required to hold the seized funds until the court renders an order for their disposition. First Nat'l. Bank of Commerce v. Boutall, 422 So.2d 1159 (La. 1982).
The petition of CIS alleges that Grocery Supply wrongfully seized Winterton's bank account funds of $63,944, with knowledge that CIS was a secured creditor, and held the money beyond its use or control for eighteen months. The petition further alleges that the debtor was unable to continue in business or repay the debt balance owed to CIS following Grocery Supply's garnishment, which caused damage to the interests of CIS.
CIS contends that these facts support its cause of action for wrongful seizure, which is a tort claim based on LSA-C.C. art. 2315. In support of its contention, CIS cites several cases, including Houma Mortgage & Loan Inc. v. Marshall, 94-0728 (La.App. 1st Cir. 11/9/95), 664 So.2d 1199, in which the court states that when a judgment creditor wrongfully garnishes property, he is liable in damages to the owner of the property seized. However, in the present case, the petition does not allege that CIS is the owner of the funds, but acknowledges that the bank account was the property of Winterton. Nor does the petition state facts showing that CIS was owed a duty by Grocery Supply to refrain from seizing the funds pursuant to its judgment. Thus, even when accepted as true for the purpose of this exception, the factual allegations of the petition fail to establish that CIS has a cause of action for wrongful seizure of the debtor's funds. The argument lacks merit.
Exception of No Right of Action
CIS contends the district court erred in sustaining Grocery Supply's exception of no right of action. CIS argues that it obtained the right to bring this action as the lender's assignee under the provisions of the commercial security agreement. An action can only be brought by a person who has a real and actual interest which he asserts. LSA-C.C.P. art. 681.
The function of the exception of no right of action is to determine whether plaintiff *98 has an actual interest in the action. LSA-C.C.P. art. 927(A)(5). In determining whether plaintiff has a right of action, the court considers whether plaintiff belongs to a particular class of persons to whom the law grants a remedy for the alleged grievance, or whether plaintiff has an interest in judicially enforcing the right asserted. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm., 94-2015 (La.11/30/94), 646 So.2d 885.
In the present case, as the lender's assignee, CIS holds a security interest in Winterton's equipment, inventory and accounts pursuant to the terms of the commercial security agreement. CIS acted upon this interest through its intervention in the garnishment proceeding initiated by Grocery Supply. CIS asserts that it has an additional right of action for damages under the agreement.
In Paragraph (5) of the agreement's collateral description, the debtor grants to CIS as assignee a security interest in all of the grantor's present and future inventory, equipment, goods and in the following:
[A]ll sums that may be due from third parties who may cause damage to any of the foregoing, or from any insurer, whether due to judgment, settlement or other process, and any and all present and future accounts, contract rights, chattel paper, instruments, documents and notes that may be derived from the sale, lease or other disposition of any of the foregoing, and any rights of Grantor to collect or enforce payment thereof....
The agreement gives to the creditor a security interest in the proceeds derived from the disposition of inventory, and these proceeds include any sums which may be due to the debtor from liable third parties who have caused damage to the described inventory. The phrase concerning the grantor's right to "collect or enforce payment thereof" relates to any credit accounts or loan instruments to which the debtor is a party as a result of the sale or lease of inventory. Contrary to the assertion of CIS, the quoted language cannot reasonably be considered an assignment of the debtor's right to bring a claim for damage to the inventory. Even if CIS, as a holder of a security interest, could bring a tort claim directly against a third party who has damaged inventory, the term "damage" as used in the agreement does not encompass the asserted loss of CIS resulting from Grocery Supply's act of garnishment.
CIS also maintains that it has a right to seek damages pursuant to the agreement's provision concerning protection of the lender's security rights. We note that the paragraph's first sentence states that the debtor, as grantor, "agrees to be fully responsible for any losses that Lender may suffer as a result of anyone other than Lender asserting any rights or interest in the collateral." This language indicates that any claim for alleged losses must be asserted against Winterton and not Grocery Supply. The provision also provides that if a proceeding affecting the lender's security interest is commenced, it may take any action believed necessary to protect its security interest. As previously noted, CIS exercised its right to protect its security interest by intervening in the prior garnishment proceeding. The agreement does not confer to CIS an additional right to recover alleged losses from any party except the debtor. The argument lacks merit.
Intentional Interference with Contract
CIS contends that Grocery Supply intentionally interfered with its contractual relationship with Winterton. CIS argues that the seizure of the debtor's bank account prevented the payment of Winterton's indebtedness to CIS.
In 9 to 5 Fashions v. Spurney, 538 So.2d 228 (La.1989), the supreme court recognized a limited and narrowly defined action for the breach of a corporate officer's duty to refrain from the intentional and unjustified interference with the contractual relationship between his corporate employer and a third person. This court has followed the Spurney decision's limited recognition of an action for intentional interference with contract. A & W Sheet Metal v. Berg Mechanical, 26,799 (La.App.2d Cir.4/5/95), 653 So.2d 158. In the present case, the conduct alleged as "interference" is not the type of conduct which gives rise to the action recognized in Spurney. The argument lacks merit.
*99 Attorney Fees and Interest
CIS contends the district court erred in striking its demand for attorney fees. CIS argues it is entitled to reimbursement of the amount of attorney fees expended in obtaining cancellation of the seizure and release of the funds.
In general, attorney fees are not owed to a successful litigant unless specifically provided by contract or statute. C & V Gravel, Inc. v. Maco Construction Corp., 465 So.2d 938 (La.App. 2d Cir.1985). Pursuant to LSA-C.C.P. art. 3506, an award of attorney fees may be included as an element of damages for wrongful garnishment in situations involving the dissolution of a writ of attachment or sequestration.
However, Article 3506 is not applicable in the present case, which involves execution of a money judgment by a writ of fieri facias directing seizure of the debtor's property pursuant to LSA-C.C.P. art. 2291 et seq. Attorney fees may be included as an item of damages only when injunctive relief has been granted to the judgment debtor or third party claiming ownership subsequent to a wrongful seizure. LSA-C.C.P. art. 2298. Here, CIS did not seek injunctive relief and does not claim ownership of the seized property. Thus, CIS has not shown a statutory basis for its claim of attorney fees.
CIS urges that it is entitled to attorney fees pursuant to the security agreement's "Application of Proceeds" clause, which provides that CIS may apply the proceeds from collateral to reimburse its attorney fees before applying any amount to payment of the secured indebtedness. This provision relates to the CIS claim against the debtor, which is a party to the agreement, but does not provide a basis for CIS to recover attorney fees from Grocery Supply. Based on this record, we cannot say the district court erred in striking the CIS demand for attorney fees.
CIS contends the district court erred in dismissing its claim for legal interest on the seized funds and in the assessment of costs. Interest is recompense for the use of money. Morris & Dickson Co., Inc. v. Jones Bros. Company, Inc., 29,379 (La.App.2d Cir.4/11/97), 691 So.2d 882, 893. Here, CIS has not established that it lost a specific "use" of the funds when Grocery Supply seized the debtor's account. In fact, CIS retained its security interest during that time period and the record does not indicate that CIS had taken any action to collect the funds prior to Grocery Supply's garnishment. Thus, we cannot say the district court erred in dismissing the claim for interest.
While it is a general rule that the party cast in judgment should be taxed with costs, the trial court may assess costs of a suit in any equitable manner. LSA-C.C.P. art.1920. Upon review, a trial court's assessment of costs can be reversed only upon a showing of an abuse of discretion. Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112 (La. App. 1st Cir.1990). Here, the district court assessed all costs to CIS. However, we note that CIS prevailed in the prior intervention proceeding. Consequently, we find that the district court abused its discretion in assessing all costs to CIS. This court has authority to tax costs in an equitable manner. LSA-C.C.P. art. 2164. Accordingly, the costs attributable to the intervention proceeding are assessed to Grocery Supply. This is an equitable resolution in that Grocery Supply's suit for garnishment necessitated the intervention.

CONCLUSION
For the foregoing reasons, the district court's judgment is amended to assess the costs attributable to the intervention proceeding to the appellee, Grocery Supply Company. In all other respects, the judgment is affirmed. Costs of this appeal are assessed 75% to the appellant, Contract Inmate Services, Inc., and 25% to Grocery Supply Company.
AMENDED AND AFFIRMED AS AMENDED.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, GASKINS and PEATROSS, JJ.
Rehearing denied.