756 So.2d 1261 (2000)
Julie Bartlett HALE and James Brian Hale, Plaintiffs-Appellants,
v.
F.A. RICHARD & ASSOCIATES, INC., Michelle Campisi, and Sonia Barnett, Defendants-Appellees.
No. 32,907-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
Albert W. Block, Jr., Monroe, Counsel for Appellants.
Hayes, Harkey, Smith & Cascio by John B. Saye, Monroe, Counsel for Appellees.
Before BROWN, GASKINS and PEATROSS, JJ.
BROWN, J.
Plaintiffs filed this tort action against the third-party administrator of a workers' compensation self-insurance plan and two of its employees. The trial court granted defendants' motion for summary judgment. Plaintiffs appealed. Finding that a third-party administrator cannot be held responsible to a claimant for the failure to approve medical treatment because such a decision is the sole responsibility of the insurer, we affirm in part and vacate in part.

Facts
On February 5, 1994, Julie Hale injured her back while working as an x-ray technician for Glenwood Regional Medical Center ("Glenwood"). Glenwood, who is self-insured for workers' compensation purposes, had a contract with F.A. Richards & Associates, Inc. ("FARA"), to administer their compensation claims.
In her petition, Mrs. Hale described her back injury as spondylolisthesis due to spondylosis aggravated by her on-the-job accident.[1] Mrs. Hale alleged that on September 15, 1994, her treating physician recommended to FARA that she undergo surgery, which involved a "Gill procedure," *1262 to resolve her back problems.[2] Because of the controversial nature of this procedure, FARA refused to authorize the requested surgery.
In 1995, Mrs. Hale opted to have back surgery without the Gill procedure. According to Mrs. Hale, her surgery was a failure and her spondylolisthesis has progressed into a condition of spondyloptosis.[3]
Thereafter, on February 27, 1996, Julie Bartlett Hale and her husband, James Brian Hale, filed the instant tort suit against defendants, FARA, Michelle Campisi and Sonia Barnett,[4] alleging that Mrs. Hale's back problems have worsened as a direct result of FARA's continuing refusal to pay for the necessary surgery. Plaintiffs further alleged that Ms. Campisi breached the confidentiality of Mrs. Hale's medical records by discussing these records with "a friend of hers."
On November 23, 1998, defendants filed a motion for summary judgment, urging that they were merely the disclosed agents of Mrs. Hale's employer, Glenwood, and as third-party administrators, they are not liable for plaintiffs' damages. On January 22, 1999, the trial court signed a judgment granting defendants' motion. It is from this judgment that plaintiffs have appealed.

Discussion

Refusal to Authorize Medical Treatment Claim
We first note that Mrs. Hale's workers' compensation claim against Glenwood, her employer, for its failure to pay for surgery is still pending. The issue before us in the instant appeal is whether the trial court erred in finding that plaintiffs do not have an action in tort against the third-party administrator of Glenwood's self-insurance plan for their refusal to pay for the requested medical procedure.
La. R.S. 22:3031(a) defines "administrator" or "third-party administrator" in pertinent part as:
any individual, partnership, corporation, or other person, except an employee of a fund or plan that serves as an administrator, who ... is engaged by any group self-insurance funds or plan of self-insurance providing ... workers' compensation coverage to its members or employees to implement the policies of the trustees of the fund and to provide for day-to-day management of the fund.
La. R.S. 22:3036 provides:
(A) If an insurer utilizes the services of an administrator, the insurer shall be responsible for determining the benefits, premium rates, underwriting criteria, and claims payment procedures applicable to such coverage and for securing reinsurance, if any. The rules pertaining to these matters must be provided, in writing, by the insurer to the administrator. The responsibilities of the administrator as to any of these matters shall be set forth in the written agreement between the administrator and the insurer.
(B) It shall be the sole responsibility of the insurer to provide for competent administration of its programs.
As noted by the court in Jefferson Parish Clerk of Court Health Insurance Trust *1263 Fund Through Mouledoux v. Fidelity and Deposit Company of Maryland, 95-951 (La.App. 5th Cir.04/30/96), 673 So.2d 1238, writ denied, 96-1719 (La.10/04/96), 679 So.2d 1390, these provisions address not only the relationship between the insurer and third-party administrator, but also the duties of these parties to the insured.
In Baugh v. Parish Government Risk Management Agency, 30,707 (La.App.2d Cir.06/24/98), 715 So.2d 645, 647, this court recently held:
The clear implication of the statute [La. R.S. 22:3036] is that the third party administrator cannot be responsible to the insured for the failure to pay health benefits in administering the plan, since this is the sole responsibility of the insurer. The insurer's nonperformance of its contract, even when such nonperformance results from the delegated decision-making authority of a third party administrator, remains the insurer's responsibility and obligation. The same result occurs under the general law of representation and mandate where a disclosed agent enters or fails to carry out the contract on behalf of the principal. (Citations omitted).
In accordance with the above legal principles, it is clear that there is no action in tort against a third-party administrator such as FARA for refusal to pay for medical treatment. Therefore, the trial court did not err in dismissing that part of plaintiffs' action which seeks tort redress from defendants for their denial of the requested surgery.[5]

Breach of Confidentiality Claim
While the trial court did not specifically address plaintiffs' breach of confidentiality claim, the judgment dismissed plaintiffs' entire action and thus necessarily included this claim. As noted by the court in Farr v. Riscorp, 97-2164 (La.App. 4th Cir.04/08/98), 714 So.2d 20, writ denied, 98-1232 (La.06/26/98), 719 So.2d 1058, the workers' compensation act encompasses a plaintiffs claim for damages as a result of an alleged breach of confidentiality, even as to a third-party administrator/agent. Because the Office of Workers' Compensation, not the district court, has jurisdiction over such a breach, we vacate the judgment insofar as it purports to determine this claim.

Conclusion
For the reasons set forth above, the trial court's judgment granting summary judgment on plaintiffs' tort claim is AFFIRMED. The judgment is VACATED insofar as it purports to rule on plaintiffs' claim for breach of confidentiality. Costs of this appeal are assessed to plaintiffs, Julie Bartlett Hale and James Brian Hale.
NOTES
[1] Spondylolisthesis is a forward displacement or slipping of a vertebra over the one below. Spondylosis is an abnormal fusion or growing together of two or more vertebrae.
[2] A Gill procedure involves the installation of pedicle screws and plates in the lower back to stabilize and fuse spinal segments.
[3] Spondyloptosis is a spinal deformity produced by the slipping forward or dislocation of lumbar vertebrae such that they overhang and obstruct the pelvis.
[4] Although the record does not reflect the basis for plaintiffs' claims against Ms. Campisi and Ms. Barnett, during oral argument, plaintiffs' counsel noted that these two ladies were allegedly involved in making the decision to refuse authorization of the requested procedure.
[5] In Weber v. State, 93-0062 (La.04/11/94), 635 So.2d 188, the supreme court held that an employer (as opposed to a third-party administrator) can be sued in tort if it intentionally and arbitrarily denied necessary medical expenses when it knew to a substantial certainty that the refusal would result in the employee's death. In Kelly v. CNA Insurance Company, 29,455 (La.App.2d Cir.01/23/98), 706 So.2d 198, this court, sitting en banc, held that an employee also states a cause of action in tort when the refusal would result in a significant, immediate deterioration of his health.

In Kelly v. CNA Insurance Company, 98-0454 (La.03/12/99), 729 So.2d 1033, the supreme court reversed this court's decision on the facts presented, finding that the employer's arbitrary denial or delay of medical treatment for the employee's carpal tunnel syndrome would not result in death or a significant worsening of her condition. Therefore, the employee's exclusive remedy was workers' compensation. Although the supreme court reversed Kelly, the criteria established by this court's en banc decision were not disturbed.