817 So.2d 484 (2002)
James DUPREE, Linda Dupree & Charles Dupree, Plaintiffs-Appellants,
v.
DIXIE CARBONIC, INC., & The Hartford, in Solido, Defendants-Appellees.
No. 35,968-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2002.
Hammonds & Sills by Jon K. Guice, Monroe, for Appellants.
Noah, Smith & Newman, LLP by Jay B. Mitchell, Monroe, for Appellees.
Before BROWN, WILLIAMS and CARAWAY, JJ.
CARAWAY, J.
In this case, the employee filed a tort claim in district court against his employer and the workers' compensation insurer for refusing his workers' compensation claim for medical benefits for essential surgery. The employee alleges that the defendants' refusal of the medical benefits caused a deterioration of his physical and mental health. The trial court dismissed the employee's claim, concluding that the Louisiana Supreme Court decision of Kelly v. *485 CNA Insurance Company, 98-0454 (La.3/12/99), 729 So.2d 1033 was controlling. Based upon our review of the Kelly ruling, we affirm.

Facts
James Dupree ("Dupree") was injured on July 21, 1995, while working for Dixie Carbonic, Inc. ("Dixie"), in Monroe, Louisiana. As a result of his work-related injury, Dupree had two knee operations and underwent physical therapy. During physical therapy, he suffered a back injury. Dixie's workers' compensation insurer, The Hartford Insurance Company ("Hartford"), covered medical costs for both the knee and back injuries. When conservative treatment of the back injury was unsuccessful, Dupree's physician recommended surgery. Although Dixie and Hartford (collectively "defendants") paid for conservative treatment of the back injury, they refused to authorize surgery. Defendants dispute whether the injury was covered under the Workers' Compensation Act, because it occurred during physical therapy.
Dupree[1] filed this tort action in district court against defendants alleging that they acted arbitrarily, capriciously and intentionally in refusing to pay for the recommended surgical procedure. The petition further alleges that Dupree's physician stated that the delay in surgery lessened his chances for a "successful result" and that as a result of defendants' refusal to pay, he was forced to endure excruciating pain, has "sustained a significant and immediate deterioration of his physical and mental health, and has suffered a loss of quality of life...."[2]
Defendants filed an exception of no cause of action urging that Dupree's exclusive remedy was under the Louisiana Workers' Compensation Act which grants the employer immunity from a tort action. La. R.S. 23:1032. The matter was submitted on briefs, and the district court rendered judgment maintaining the exception of no cause of action. Dupree's action was dismissed with prejudice.

Discussion
In reviewing a trial court's ruling on an exception of no cause of action, an appellate court should conduct a de novo review. All well-pleaded allegations of the petition must be accepted as true, and any doubt should be resolved in favor of maintaining the sufficiency of the petition and affording plaintiff the opportunity to present his evidence. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748.
The issue presented to the Louisiana Supreme Court in Kelly was first framed by an en banc ruling of this court. Kelly v. CNA Insurance Company, 29,455 (La. App.2d Cir.1/23/98), 706 So.2d 198. This court ruled that the employee stated no cause of action in tort for the employer's abrupt and arbitrary termination of workers' compensation benefits which resulted in the employee's severe depression. Nevertheless, this court remanded the case to the trial court to allow the employee leave to amend her petition if she could allege the following:
(1) [she] suffered what is not disputed to be a compensable injury; (2) intentional and arbitrary refusal to pay reasonable and necessary medical expenses *486 results in a significant, immediate deterioration of [her] health; (3) this result would not have occurred otherwise and could not have been averted by recourse to the Act; and (4) the employer or insurer knew that such results were substantially certain to follow from the refusal to pay.
Id. at 201.
Rejecting the above analysis, the supreme court ruled that no cause of action in tort could be alleged in Kelly. The court emphasized that at the time of its earlier ruling in Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188 (where the employee died following the employer's denial of medical treatment), the Workers' Compensation Act had not yet been amended to vest jurisdiction in the Office of Workers' Compensation ("OWC") and to increase its power to issue orders regarding the necessity of medical treatment. Refusing to extend Weber, the Kelly court concluded as follows:
Although the court of appeal remanded the case to allow plaintiff the opportunity to amend her pleadings, there is no way that she can amend the petition to state a cause of action. The exclusivity provision of the Workers' Compensation Act is clear: the rights and remedies provided under the Act "shall be exclusive of all other rights, remedies, and claims for damages ..." La.Rev. Stat. Ann. 23:1032(A)(1)(b). In Weber, we created an exception, in part, because the decedent died before he could seek judicial intervention for the defendant's refusal to pay for his medical treatment. OWC's new procedural structure adequately provides for immediate recourse for an employer's refusal to pay medical benefits. Ms. Kelly has availed herself of such recourse, and she has sought and received a remedy in workers' compensation. In addition to compensation benefits, she has been awarded penalties and attorney's fees provided for under the Act.
Kelly, 729 So.2d 1033 at 1038.
In Kelly, the choice of allowing the plaintiff the opportunity to factually amend her petition was rejected despite this court's en banc ruling and the express mandate for such amendment under La. C.C.P. art. 934.[3] We view the Kelly decision, therefore, as deciding that no cause of action exists in these cases, and that relief must be sought exclusively in the OWC. The view that Kelly was only a fact-specific ruling requiring that each mishandled workers' compensation claim be somehow measured in the district court on allegations of fact for possible tort liability was suggested by dissenting and concurring opinions in Kelly. Nevertheless, that was obviously the minority view of the case and, we believe, a misreading of the majority decision which was based upon the law regarding the OWC. A possible cause of action left to hinge upon the severity of the worsening of the employee's condition could never be dismissed on the exception of no cause of action, but would require evidence concerning the worsening of the condition so that its severity could be measured. Instead, the Kelly court gave the above quoted pronouncement of law in support of its conclusion that no cause of action existed. Accordingly, we now, like the majority in Kelly, find that the "procedural structure" of the OWC provides exclusively *487 "for immediate recourse for an employer's refusal to pay medical benefits." Id.[4] There is no cause of action available to plaintiffs outside of the OWC.
Accordingly, based upon our interpretation of the Kelly ruling, the trial court's grant of the exception of no cause of action is affirmed. Costs of appeal are assessed to appellants.
AFFIRMED.
WILLIAMS, J., concurs.
BROWN, J., dissents with reasons.
BROWN, J., dissenting.
In Kelly, supra at 1039, the supreme court found that "[t]he employer's arbitrary denial or delay of medical treatment (for Carpal Tunnel Syndrome) would not result in death or a significant worsening of the employee's condition." In the instant case, the petition alleges a significant worsening and implies a life-threatening situation involving a back injury as opposed to carpal tunnel syndrome. The allegations of the petition must be accepted as true for purposes of the exception of no cause of action. Thus, Kelly, supra is distinguishable on the facts, and I believe that the trial court erred in granting defendants' exception of no cause of action. See Stevens v. Wal-Mart Stores, Inc., 29,124 (La.App.2d Cir.01/24/97), 688 So.2d 668, writ denied, 97-0671 (La.05/09/97), 693 So.2d 768. The proper procedural vehicle to test whether there is sufficient evidence to put the matter to trial is a motion for summary judgment, not an exception of no cause of action. I respectfully disagree with the majority opinion.
NOTES
[1] Additional plaintiffs are Dupree's minor child, Charles Dupree, and his wife, Linda Dupree.
[2] We note that thereafter, the Office of Workers' Compensation ordered the surgery and imposed penalties and attorney fees against defendants.
[3] La. C.C.P. art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
[4] As we previously noted in Berry v. Insurance Co. of North America, 28,580 (La.App.2d Cir.10/30/96), 683 So.2d 310, n. 3, the worsening of an injured employee's condition caused by the employer's refusal to pay medical benefits could be irreparable injury which should allow for mandatory injunctive relief or some form of expedited procedural relief at the OWC and on appeal.