945 So.2d 911 (2006)
David HAYES and Tammy Hayes, Plaintiffs-Appellants
v.
GALLAGHER BASSETT SERVICES, INC. and Columbus Insurance Company, Defendants-Appellees.
No. 41,579-CA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*912 Dollar Laird, L.L.P., by Johnny E. Dollar, Monroe, for Appellants.
Kennon, Odom & Dardenne, by John David Ziober, Baton Rouge, for Appellees.
Before STEWART, DREW & SEXTON (Pro Tempore), JJ.
SEXTON, J.
This appeal presents the recurrent question of whether an employee has his exclusive remedy in workers' compensation for an employer's alleged arbitrary refusal to pay for medical treatment recommended by the employee's physician. For the reasons stated herein, we conclude that the trial court correctly granted an exception of no cause of action in favor of the employer. The judgment of the trial court is, therefore, affirmed.

FACTS
Plaintiff, David Hayes, was involved in an automobile accident in September 2003 while in the course and scope of his employment for Community Coffee Co., Inc. Mr. Hayes alleged that the accident caused injuries to his thoracic spine and that, despite the recommendation of his treating physician for a kyphoplasty procedure, Defendants (Community's insurer and a third-party administrator for Community's workers' compensation coverage) refused to approve the procedure. Mr. Hayes asserted that this refusal was arbitrary and capricious and reduced his chance of recovery significantly, if not completely. He further alleged that, as a result of the employer's failure to approve the procedure, he faced more serious surgical intervention as a method of treatment and that his disability was likely permanent.
Defendants filed a peremptory exception of no cause of action asserting that Mr. Hayes' exclusive remedy was to seek workers' compensation benefits and, in the event of arbitrary refusal to pay the benefits or medical treatment expenses, to demand penalties and attorney fees as provided in workers' compensation law. The trial court granted the peremptory exception and this appeal followed.

DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Hodges v. Bossier Medical Center Healthcare Foundation, 33-472 (La. App.2d Cir.6/21/00), 764 So.2d 245, citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial. Hodges, supra, citing Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. Hodges, supra.
The narrow issue in this case, as succinctly stated by the trial judge in his oral ruling, is whether an injured employee has a tort cause of action against his employer for refusing to authorize necessary medical treatment when the refusal causes harm not considered to be fatal and/or life-threatening *913 to the employee or whether the employee is restricted solely to the remedies available under the Louisiana Workers' Compensation law. This issue harkens back to the supreme court's decision in Weber v. State, 93-0062 (La.4/11/94) 635 So.2d 188, and its progeny. In Weber, the supreme court carved out a narrow exception to the general rule that the injured employee's only recourse against the employer lies in workers' compensation. The Weber court held that the workers' compensation act's exclusive remedy of penalties and attorney fees for an employer's intentional and arbitrary refusal to provide medical treatment to a compensation victim does not encompass the situation where the employer knew to a substantial certainty that the refusal would cause death.
Weber was examined and applied by the supreme court in Kelly v. CNA Ins. Co., 98-0454 (La.3/12/99), 729 So.2d 1033, where an exception of no cause of action was held proper in an employee's tort action against his employer asserting that the employer's abrupt and arbitrary termination of the employee's workers' compensation benefits resulted in the employee's severe depression, a nonlife-threatening condition.
In the case sub judice, Mr. Hayes argues that Kelly left open the question of whether or not a severe worsening of a condition that is nonfatal and/or nonlife-threatening can satisfy the Weber requirements to provide the employee a remedy outside of workers' compensation. Weber and Kelly have spawned numerous cases addressing this issue in the various appellate courts of the state, with arguments identical to Mr. Hayes' being advanced.[1] This court has consistently held that there is no cause of action in tort for an injured employee against the employer where the alleged arbitrary and capricious refusal to approve and pay for medical treatment resulted in something much less than a fatal and/or life-threatening condition. Specifically, in Dupree v. Dixie Carbonic, Inc., 35,968 (La.App.2d Cir.5/10/02), 817 So.2d 484, writ denied, 02-1642 (La.11/15/02) 829 So.2d 425, this court followed Kelly, supra, and held that an employee's exclusive remedy was in workers' compensation for his claim that the employer and its insurer had arbitrarily refused to pay for a recommended surgical procedure for a back injury; the plaintiff had alleged that the delay in surgery lessened his chances for a successful result and forced him to endure excruciating pain. See also Hodges, supra, and Chase v. Louisiana Riverboat Gaming Partnership, 31,610 (La.App.2d Cir.9/22/99), 747 So.2d 115.
After a de novo review of the peremptory exception of no cause of action in this case, accepting the facts pled in the petition as true, we conclude that the trial court correctly granted the exception of no cause of action. Mr. Hayes' condition, while serious and painful, is not life-threatening. We find, as we did in Chase, Hodges, and Dupree, that the facts of this case are more in line with Kelly rather than Weber; and, therefore, we further find that Mr. Hayes' exclusive remedy is in workers' compensation.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at Appellants' costs.
AFFIRMED.
DREW, J., dissents with written reasons.
*914 DREW, J., dissenting.
Mr. Hayes is facing a lifetime of pain, with little or no hope of recovery from his injuries. The arbitrary lack of treatment materially worsened his condition. With respect, I dissent, finding:
1. That the unusual facts of this case merit a reasonable extension of the Kelly rationale, thereby allowing the plaintiff his day in court; and
2. The plaintiff's evidence should be tested by a motion for summary judgment, rather than an exception of no cause of action. See Chief Judge Brown's dissent in Dupree, supra.
NOTES
[1] For a very thorough review of Weber, Kelly and their treatment by the various circuits, see this court's discussion in Hodges, supra.